

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1441-12

**TIMOTHY BLAND, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FOURTEENTH COURT OF APPEALS
HARRIS COUNTY**

KELLER, P.J., delivered the opinion of the Court in which KEASLER, HERVEY, COCHRAN and ALCALA, JJ., joined. PRICE, J., filed a dissenting opinion in which MEYERS, WOMACK and JOHNSON, JJ., joined.

Appellant and the State agreed that appellant's motion to suppress would be dispositive of the case. During the proceedings, appellant sought and obtained a ruling on a motion to disclose the identity of an informant. The two possible bases for the motion to disclose were that the informant could testify (1) at the motion to suppress hearing or (2) at the guilt phase of trial. Appellant now seeks relief on the second basis. We conclude that the dispositive nature of the motion to suppress was a term of appellant's plea agreement and that it rendered moot the second basis for appellant's motion to disclose. We also conclude that appellant failed to sufficiently apprise the trial court of

his intent to challenge the motion to disclose on this second basis or to challenge (or renege on) the dispositive nature of the plea agreement. Consequently, we affirm the judgment of the court of appeals.

## I. BACKGROUND

### A. Trial

Appellant was charged with possession of a controlled substance (cocaine). He filed a motion to suppress evidence on the basis that the evidence (the cocaine) was illegally obtained. He also filed a motion to disclose the identity of the confidential informant. The latter motion cited two bases for disclosure: (1) that the informant's identity was needed to show that the officers who conducted the arrest and search did not have probable cause based upon a reliable and credible informant, and (2) that the informant's identity was necessary because the informant was a material witness to the defendant's guilt or innocence and upon the possible defense of entrapment.

A hearing was held by a visiting judge on the motion to suppress. After the defense rested on the motion to suppress, the parties made arguments to the judge. During this discussion, defense counsel brought up the subject of the defense motion to reveal the identity of the confidential informant. She claimed that she was re-urging the motion based upon new evidence.

In response, the lead prosecutor remarked that the agreement was that the motion to suppress would be "dispositive":

> Your Honor, I would just like to make the court aware that the agreement was that this was a dispositive Motion to Suppress; and after the court ruled on that Motion to Suppress, the court would then make a decision as to sentencing. That the defendant would plead guilty; and going without an agreed recommendation, the judge will make the decision as to what the sentence would be at the conclusion of this hearing . . . . Judge Hill was present when we made this a dispositive Motion to Suppress; and the agreement was that we would go to the court – it wasn't

necessarily specified that it would be you or Judge Hill . . . . but that was the agreement at the conclusion of this as a dispositive Motion to Suppress.

Defense counsel responded, "At the time when Judge Hill was here, we did not have the new information regarding the CI." The prosecutor then responded with more details of the agreement:

Your Honor, just so the court is aware, the agreement between the State and the defense was that it was a dispositive Motion to Suppress; and at that point, there would be sentencing; and the court would decide the sentencing based on a two to twenty recommendation. The State will abandon the enhancement because the defendant is a habitual, and the court would sentence the defendant somewhere between the two to twenty range.

After some discussion of the status of the motion to reveal the confidential informant, the judge asked, "So will the result be that I hear additional evidence then?" Defense counsel responded that "we will need to provide additional information regarding the CI's identity because it goes to the reliability of the CI, Your Honor." The judge then responded, "I am not sure of that because I have heard testimony that she was reliable because of the effectiveness of her past tips, the accuracy of them."

Defense counsel then identified the case of *Bodin v. State*,[1] which dealt with disclosing the identity of a confidential informant whose testimony may have been necessary to a fair determination of guilt. "This is no different from Mr. Bland," defense counsel contended. Because the confidential informant was with appellant that day, defense counsel continued, "the confidential informant should be revealed . . . because it goes to a critical defense of Mr. Bland's case." Defense counsel elaborated:

If the CI set him up, that is critical to his defense. The fact that the CI was with him that day, her belongings were found in his car when it was released from evidence, that is critical to his defense. She is a material witness. It goes to his defense; and

---

[1] 807 S.W.2d 313 (Tex. Crim. App. 1991).

under *Holmes v. South Carolina*, we are entitled to put on a defense and have not been able to put on a true defense.

The trial judge then responded, "Aren't most of what you have here defense matters for trial?"

Defense counsel replied, "No, Your Honor. In regards to the CI, it doesn't just go to the guilt or innocence, it goes to the reliability in regard to the probable cause."

Subsequently, a different prosecutor asked, "Can I just ask a quick question for the record just to be clear? Was this, in fact, a dispositive Motion to Suppress?" Defense counsel replied, "It was. It is clear. I am not trying to – like I said, there is no trickery in what I am doing. It was a dispositive Motion to Suppress, but at lunch and this morning –" The prosecutor interrupted, "So if it was a dispositive Motion to Suppress, what that typically means to the State is that the judge is going to litigate an issue; and if he rules in our favor, the defendant pleads; and if he rules not in the State's favor, that we dismiss the case. Was that more or less your understanding?" Defense counsel responded, "You are clear in your understanding of the Motion to Suppress." The prosecutor then explained that the effect of the Motion to Suppress being dispositive was that issues relating to guilt or innocence did not matter:

> So then it seems that they want is the confidential informant revealed [sic] would be a matter of guilt or innocence in a trial; but since what we are here to determine was one specific issue on a dispositive motion, for argument's sake, judge, let's say that you decided to disclose the confidential informant, it wouldn't matter to what the agreement and what we were doing here today which was a dispositive motion which you have ruled on in our favor which means that he has to plea. If they wanted to have the confidential informant disclosed and then have that attacked, they should have had a trial.

Defense counsel responded that the issue was being re-urged because the documents had been received "yesterday . . . . So I will like that to be clarified." Defense counsel then remarked that confidential informant's identity was necessary to a determination of her reliability in connection

with the motion to suppress:

> [T]he confidential informant's reliability is important even on a Motion to Suppress, even on a Motion to Suppress. That does not resolve the fact that he thinks she set him up is important even on a Motion to Suppress. Guilt or innocence or not, if she set him up, it goes to her reliability.

Ultimately, the judge denied both the motion to suppress and the motion for disclosure of the confidential informant. Appellant pled guilty, and in accordance with the plea agreement, the trial judge sentenced appellant under the punishment range for a second-degree felony.[2] The punishment assessed was sixteen years.

### B. Appeal

On appeal, appellant complained about the trial judge's rulings on both the motion to suppress and the motion to disclose the identity of the informant. Concluding that the officers had probable cause to conduct the search, the court of appeals rejected the motion-to-suppress claim on the merits.[3]

With respect to the motion to disclose, the court of appeals first addressed whether appellant's contention that disclosure was necessary to a fair determination on guilt or innocence.[4] The court explained that "all parties agreed, and the trial court acknowledged, that the motion to suppress was 'dispositive,' meaning appellant would plead guilty if the motion were denied or the

---

[2] The written judgment lists the terms of the plea bargain as "OAR/State moves to abandon enhancement paragraph/State moves to reduce from 2nd degree felony." This recitation is at least inaccurate in saying that the offense was reduced *from* a second-degree felony, when clearly it was reduced *to* a second-degree felony. The judgment also says that appellant pled true to the first enhancement paragraph and that a finding of true was made.

[3] *Bland v. State*, 2012 Tex. App. LEXIS 6744, *4-9 (Tex. App.–Houston [14th Dist.] August 14, 2012, pet. granted) (not designated for publication).

[4] *Id.* at *11-12.

State would dismiss the charge if the motion were granted."[5]  Consequently, the court of appeals held, "any relevance of the informant's knowledge with respect to guilt or innocence was moot."[6] Moreover, the court of appeals found that appellant acknowledged at trial that the motion to suppress was dispositive and that he "limited his argument to contending [that] the informant's identity was relevant to the motion to suppress."[7]  Thus, the court of appeals concluded, "appellant effectively abandoned, and thus failed to preserve, any contention . . . that disclosure of the informant's identity was necessary for a fair determination of guilt or innocence."[8]

The court of appeals next addressed whether disclosure was needed to assess the informant's reliability and credibility.[9]  It concluded that, implicit in the denial of the motion to suppress, without requiring disclosure of the informant's identity, was a finding that the trial court was satisfied that the informant was "reasonably believed to be reliable or credible."[10]  The court of appeals further held that the trial court did not abuse its discretion in this regard.[11]

### C. Appellant's Petition

In his ground for review, appellant contends: "The Fourteenth Court of Appeals erred in holding that the existence of a 'dispositive' plea agreement rendered moot the right to exculpatory

---

[5] *Id.* at *11.

[6] *Id.* at *12.

[7] *Id.*

[8] *Id.*

[9] *Id.* at *12-13.

[10] *Id.* at *13.

[11] *Id.* at *13.

information possessed by a confidential informant." In support of this ground, appellant argues that he had "an absolute right to plead not guilty, even after the motion to suppress was denied, regardless of any plea bargain." He claims that, though defense counsel acknowledged that the motion to suppress was "dispositive," "the exact details of the arrangement are not clear, as it was not the subject of the hearing and only comprised a small section of argument." He further claims that "a plea agreement is not binding or enforceable until it is formally approved by the trial court" and that it is "not the role of the trial court . . . to enforce the terms of a non-binding, off the record plea negotiation." If the court of appeals opinion remains the law, he argues, "anyone entering into an informal dispositive motion agreement could risk being bound by the court." He contends, however, that the parties are not bound by an agreement until the trial judge has approved it in open court. He further argues that, if the trial court had granted the motion to disclose, then the State would have been required "to either expose its potentially exculpatory informant or drop the charges against" him. And he contends that the existence of plea negotiations does not alleviate the government's duty to reveal exculpatory evidence.

With respect to whether he waived or forfeited his complaint, appellant says that his trial attorney "did not, by words or deeds, abandon or otherwise fail to preserve any argument regarding the CI." He points out that his attorney "filed a written motion alleging all grounds, argued the motion repeatedly, presented affirmative evidence, and insisted upon a ruling." He claims that "[l]ittle else could have been done to preserve the issue for appeal." And he contends that, [e]ven if counsel's statements could somehow be interpreted as an implicit abandonment, it was only in reaction to the judge and the prosecutor's constant insistence that the defendant would not be permitted to litigate the claim." He also contends that the State wrongly insisted that he had to plead

guilty, and he contends that his guilty plea was a direct result of the denial of the motion to disclose.

Finally, he contends that he has a right to appeal matters raised in written pretrial motions that were ruled upon before trial. Because the trial court denied his motion to disclose before trial, appellant contends that he had the right to appeal that denial "regardless of its nexus to his plea of guilty."[12]

## II. ANALYSIS

The only issue before us is whether the court of appeals erred in rejecting appellant's claim that the trial court should have granted his motion to disclose on the basis that the confidential informant's testimony was necessary to a fair determination of guilt. If the motion to suppress was dispositive of the case, then it would not matter whether the confidential informant might have been able to provide testimony at the guilt phase of trial. The lead prosecutor explained that the "dispositive" nature of the motion to suppress was part of the plea agreement, and the second prosecutor explained exactly what was meant by "dispositive." Statements by counsel about the current court proceedings that are not contradicted by the opposing side are evidence of what occurred, at least when the opposing side is in a position to and has an incentive to contradict the statement if it is not true.[13] Not only were the prosecutors' explanations uncontradicted, but defense counsel expressed agreement with what was said. Under these circumstances, we conclude that the parties contemplated that the dispositive nature of the motion to suppress was a term of the plea agreement. Despite appellant's protestations to the contrary, the explanation of "dispositive" and

---

[12] In his brief, appellant also contends that, if appeal is precluded, then his plea was involuntary. This argument does not fairly fall within the ground and arguments contained in his petition for discretionary review, and we do not consider it.

[13] *Thieleman v. State*, 187 S.W.3d 455, 457-58 (Tex. Crim. App. 2005).

its role as a part of the plea agreement appears to be clear from the record.

Appellant contends that "it is not the role of the trial court . . . to enforce the terms of a non-binding, off-the-record plea negotiation." We disagree because, in this case, the terms of the plea agreement were made part of the record by the prosecutors' statements in response to defense counsel's arguments on the motion to disclose.[14] And both the State and the defendant are "given great latitude in crafting plea agreements."[15] Plea agreements have included a wide variety of provisions, including: dismissal of charges against a third party, the defendant supplying information to the police, the defendant testifying against someone else, and even the prosecutor making a public announcement to protect the defendant's reputation.[16] In *State v. Moore*, one of the terms of the plea agreement involved a delay in sentencing, a requirement not to commit an offense during the delay, and the State remaining silent instead of recommending twenty-five years if an offense was committed during the delay.[17] We upheld this term as being a valid part of the plea agreement,[18] and in doing so, expressly recognized that a term of a plea agreement can be at least partially implemented even before sentencing.

Of course, a plea agreement does not become binding until the trial court approves it,[19] and

---

[14] If defense counsel had not requested a ruling on the motion to disclose, the motion to suppress would have been the only contested issue, obviating the need for the State to place the dispositive nature of the plea agreement on the record.

[15] *State v. Moore*, 240 S.W.3d 248, 251 (Tex. Crim. App. 2007).

[16] *Id.*

[17] *Id.* at 249.

[18] *Id.* at 253-55.

[19] *Id.* at 251.

the defendant has an absolute right to withdraw from a plea agreement if he does so before the trial court takes the case under advisement.[20] After the trial court denied the motion to disclose, if appellant decided that he did not want the motion to suppress to be dispositive, he could have chosen to withdraw from the plea agreement and entered a plea of "not guilty" or an open plea of "guilty."[21] The State would then have been free to pursue habitual offender allegations against him that carried a minimum punishment of twenty-five years.[22] But appellant did not withdraw from the plea agreement. Instead, he pled guilty in accordance with the plea agreement despite any concerns he might have had about the motion to disclose. And the trial judge did not have to accept the plea agreement,[23] but he did. Under these circumstances, the dispositive nature of the motion to suppress was a part of the plea agreement and binding upon appellant.

As for appellant's argument that he has the right to appeal matters raised by written motion and ruled upon before trial,[24] the appellate rules are not what bar him from obtaining relief on his complaint, nor is it a version of the old *Helms* rule.[25] The dispositive nature of the motion to suppress was part of the plea bargain, and appellant is simply bound by that bargain. As for

---

[20] *Murray v. State*, 302 S.W.3d 874, 883 (Tex. Crim. App. 2009).

[21] He could also have sought to re-negotiate the plea with the State to delete the dispositive nature of the motion to suppress from the agreement, but he would have no guarantee that the State would be amenable to such re-negotiation.

[22] *See* TEX. PENAL CODE § 12.42(d).

[23] *Gaal v. State*, 332 S.W.3d 448, 457 (Tex. Crim. App. 2011).

[24] *See* TEX. R. APP. P. 25.2(a)(2)(A).

[25] *See Helms v. State*, 484 S.W.2d 925, 927 (Tex. Crim. App. 1972), *overruled in part by Young v. State*, 8 S.W.3d 656 (Tex. Crim. App. 2000).

appellant's claim that the government has a duty to reveal exculpatory evidence, he may be right, but he has not established that the confidential informant would exculpate him.

Moreover, we conclude that the court of appeals was correct in holding that appellant failed to preserve error in this case. The visiting judge was under the impression that the motion to suppress was being treated by the parties as dispositive of the case and that "defense matters for trial" were not relevant to the issues before him. Appellant said nothing to disabuse the judge of that notion and, in fact, made statements consistent with that belief. Although appellant cited a case that involved the relevance of a confidential informant's testimony to the issue of guilt, when reminded about the dispositive nature of the plea and pressed about whether the confidential informant's potential testimony was relevant only to guilt, appellant contended that the confidential informant's potential testimony was relevant to the informant's reliability with respect to the motion to suppress. Appellant never made clear that he no longer wished the motion to suppress to be dispositive and that he was seeking a ruling on the disclosure of the confidential informant with respect to the issue of guilt. If the trial judge was in error about the dispositive nature of the motion to suppress and about whether appellant was seeking a ruling on the "guilt" basis for revealing the confidential informant's identity, it was appellant's duty to correct that mistaken impression in order to preserve error.[26] Appellant could have said that he no longer wished the motion to suppress to be dispositive, and then the parties and the trial judge could have discussed the implications of that. Or appellant could have said that his understanding of the dispositive nature of the motion to suppress was different from the understanding articulated by the prosecutors. Because he did not do so, he failed

---

[26] *See Loredo v. State*, 159 S.W.3d 920, 924 (Tex. Crim. App. 2004) (defendant failed to preserve error when he failed to correct trial judge's factual mistake about what occurred during the proceedings).

to preserve error for appeal.[27]

We affirm the judgment of the court of appeals.

Delivered: November 6, 2013
Publish

---

[27] The dissent claims that appellant's trial counsel persisted in claiming that disclosure of the confidential informant was critical on both the issues of probable cause and of guilt-innocence when she said that the identity of the confidential informant was important *even* on a motion to suppress. We construe defense counsel's statement that the motion to disclose was important *even* on a motion to suppress (along with her other statements) as a claim that, even though guilt-innocence was not a live issue, the motion to disclose was relevant to a live issue because it was relevant to the motion to suppress. That also seems to be the way the trial judge construed defense counsel's statements. As a result, the trial judge appears to have considered only whether disclosure was required on the issue of probable cause. For this reason, we disagree with the dissent's contention that the State's understanding of the dispositive nature of the plea agreement was "unilateral." But even if our and the trial judge's understanding of defense counsel's statements were incorrect, appellant's claim on appeal must fail because it was his burden at trial to make his complaint clear.