

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00441-CR

ROBERT WAYNE LEISHER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court No. F-1457156-I, Honorable Donald C. Adams, Presiding

April 16, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Robert Wayne Leisher entered an open plea of guilty to fraudulent possession of the identifying information of fifty or more persons. He was sentenced by the trial court to thirty years confinement.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel

---

[1] *See Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a brief or response *pro se.* Counsel also represented that he furnished a complete copy of the record to appellant. By letter dated February 19, 2015, this court notified appellant of his right to file a brief or response by March 23, 2015, if he wished to do so, and we subsequently gave him additional time to file his response, which he did.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal including a possible defect in the indictment,[2] the adequacy of the admonishments, and the sufficiency of the evidence. However, he then explained why the issues lack merit.

Appellant also raised several issues for our consideration including 1) his contention that his "open" plea included a promise by the State that there would be an upper cap in his prison term of not more than fifteen years, 2) alleged promises by the State that it would recommend a ten-year prison term and drop the enhancement paragraph, 3) the involuntariness of his plea because he was not taking medication for his bipolar disorder, and 4) the ineffective assistance of his counsel in not objecting to the State's failure to abide by the "pre-hearing negotiations." Evidence of the plea agreement claimed by appellant does not appear in the record, and we must look to the written agreement and the formal record to determine the terms of such an agreement. *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013). Moreover, appellant was informed orally and in writing that the range of punishment was up to life in prison. We also note that the State did drop the enhancement paragraph and recommend a term of

_____

[2] Appellant waived his right to complain of "any and all defects, errors, or irregularities, whether of form or substance in the charging instrument."

imprisonment of ten years, but nothing in the record indicates that the trial court was bound by that recommendation or by any upper limit other than the statutory range. A plea agreement is not binding until the trial court approves it. *Bland v. State*, 417 S.W.3d 465, 471-72 (Tex. Crim. App. 2013).

As to appellant's competency, appellant's attorney signed a written statement to the effect that she believed her client was competent, and the judge also stated that appellant appeared mentally competent. Although there was testimony from appellant that he was not taking medication for his bipolar disorder, his testimony was lucid and gave no indication of impairment. To the extent that appellant claims his counsel was ineffective for failing to object to the punishment assessed, we have already noted that the record does not support his contention of an agreed cap. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (stating that claims of ineffective assistance must be firmly founded in the record). When counsel has not been given a chance to explain why he or she failed to do something, we should not generally find deficient performance. *Id.* at 593.

In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any arguable error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State*, 813 S.W.2d 508 (Tex. Crim. App. 1991). Although the State requested a punishment of ten years, the court sentenced appellant to thirty years. Yet, the punishment is within the statutory range for a first degree felony, *see Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (stating that a punishment assessed within the statutory range will generally not be reversed), and appellant had four prior felony convictions and one misdemeanor.

3

He had also failed in the past to successfully complete probation.  We fail to find any error.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.[3]


                                        Brian Quinn
                                        Chief Justice

Do not publish.

---

[3] Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.