**560-15**

NO. _____

IN THE
COURT OF CRIMINAL
APPEALS
OF TEXAS

ORIGINAL

---

**ROBERT WAYNE LEISHER,**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

---

Petition in Cause No. 07-14-00441-CR
from the Criminal District Court No. 2 of Dallas County
Texas and the Court of Appeals for the Seventh District of Texas

---

**PETITION FOR DISCRETIONARY REVIEW**

FILED IN
COURT OF CRIMINAL APPEALS

MAY 11 2015

Abel Acosta, Clerk

Robert W. Leisher
TDCJ#1969543
Michael Unit
2664 FM 2054
Tennessee Colony, Texas
Petitioner

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 08 2015

Abel Acosta, Clerk

1

**TABLE OF CONTENTS**

Index of Authorities..........
Statement Regarding Oral Argument...........
Statement of the Case............
Statement of Procedural History............
Ground for Review............

THE COURT OF APPEALS ERRED IN HOLDING THAT THE TRIAL COURT PROPERLY ASSESSED THE PETITIONER'S MENTAL COMPETENCY WITHOUT A MENTAL COMPETENCY EVALUATION BY PSYCHIATRIST (Rec. page 10-11).

Reason for Review............
Prayer for Relief............
Appendix............

## INDEX OF AUTHORITIES

CASE LAW

Ex parte De Leon, 400 S,W. 3d 83,99 (Tex. Crim. App. 2013)
Menefield v. State, 363 S.W. 3d 591, 592 (Tex. Crim. App. II012)
Jackson v. State, 680 S.W. 2d 809, 814 (Tex. Crim. App. 1984)

NO._____

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

---

**ROBERT WAYNE LEISHER**
Petitioner

v.

**THE STATE OF TEXAS**
Respondent

---

Petition in Cause No. 07-14-00441-CR

from the Criminal District Court No. 2 of Dallas County

Texas and the Court of Appeals for the Seventh District of Texas

---

## PETITION FOR DISCRETIONARY REVIEW

---

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS OF TEXAS:

---

ROBERT WAYNE LEISHER, petitions the Court to review the judgement affirming his conviction for fraudulent possession of the identifying information of fifty or more persons in Cause No. 07-14-00441-CR.

STATEMENT REGARDING ORAL ARGUMENT

Petitioner does not request oral argument.

STATEMENT OF THE CASE

The petitioner was convicted by an "open" plea of the offense of Fraud Use/ Possession of ID (F1); the punishment was assessed by

4

the Court at (30) years confinement in the Texas Department of Criminal Justice, Institutional Division, and a fine of $10,000.00. This conviction was affirmed by the Court of Appeals for the Seventh District, April 16, 2015.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals rendered its decision affirming petitioner's conviction on April 16, 2015. This petition was then filed with the clerk of the Court of Appeals within thirty(30) days after such final ruling, to wit April 16, 2015.

## GROUND FOR REVIEW

THE COURT OF APPEALS ERRED IN HOLDING THAT THE TRIAL COURT PROPERLY ASSESSED THE PETITIONER'S MENTAL COMPETENCY WITHOUT A MENTAL COMPETENCY EVALUATION BY PSYCHIATRIST (Rec. page 10-11).

## REASON FOR REVIEW

The petitioner informed his attorney and Court that he had been using methamphetamines and was having withdraws and had a pre-diagnosis mental illness (bipolar disorder) that he was not on his medication at the time of the hearing.

This information should have alerted the Court that a mental competency evaluation was needed to be sure that petitioner was aware and fully understood the proceedings of the hearing, however, the Court failed to heed this information and chose to do an evaluation of the petitioner for it's self.

When a question of a defendant's mental competency is in question a Court should be fair and order a evaluation by a psychiatrist to determine if the defendant is competent. It is a slippery slop when the Court takes it upon it's self to determine the mental competency of a defendant that has a history of a mental illness and is off of his medication.

## BIPOLAR DISORDER

A serious psychiatric disorder characterized by extremes of moods, including mania and depression. Bipolar disorder is also known as manic depressive disorder or manic depression. Individuals with bipolar disorder may be more likely to exhibit addictive behaviors because of their lack of impulse control when they are in a manic (overly excited) state or because of their extremely low mood state when they are depressed. Some experts believe that some undiagnosed patients with bipolar disorder may use drugs or alcohol in an attempt to self-medicate their psychiatric symptoms. About 1-2 percent of the population in the United States is affected by bipolar disorder.

## FORMS OF BIPOLAR DISORDER

There are two primary forms of bipolar disorder with several subsets of interest to psychiatrists and other mental health professionals.

Bipolar 1 disorder is the more classic form of the illness. It is characterized by manic episodes that may last for at least a week and are followed by depressive periods that may last for two weeks or more. Some patients are so manic that they require hospitalization in order to avoid causing harm to themselves or others. Patients may also have both a mania and a depression simultaneously, which is called a mixed mania. These patients are at greater risk for suicide.

Bipolar 2 disorder is a less well-defined form of the illness and is typified by hypomania, which is a less severe form of mania than seen with bipolar 1 disorder. There is a predominance of depression and depressive symptoms. This disorder is less easy to diagnose and to treat than bipolar type 1 but causes substantial disability in the general population.

SUBSTANCE ABUSE PREVALENCE WITH BIPOLAR DISORDER

Large studies of patients with bipolar 1 disorder have shown that about 61 percent developed a substance abuse disorder durning their lifetimes, abusing either alcohol or another drug. Another 41 percent had a drug abuse or dependence diagnosis.

Studies of patients with bipolar 2 disorder revealed that 48 percent developed a substance abuse disorder. Another 21 percent had a drug or alcohol dependency.

Mood disorders that occur earlier in life, such as during adolescence, may have a different outcome than those that occur at younger ages. According to a report from the National Center On Addiction and Substance Abuse at Columbia University on pathways to substance abuse among girls and young women ages 8-22 years old, "Children who develop mood disorders, such as bipolar disorder, during their teen years are almost nine times like-lier to develop a substance use disorder compared to those whose mood disorder emerges earlier in childhood".

Some studies have shown that alcoholism and other forms of substance abuse in patients with bipolar disorder predict a more severe clinical course. Whether there is a cause and effect relationship is not clear. The substance abuse may trigger bipolar episodes. The substance abuse may cause other brain changes that are harmful to the person with bipolar disorder.

PRAYER FOR RELIEF

For the reason herein alleged, the petitioner was denied a fair hearing in Cause No. F-1457156-I. Therefore, petitioner prays this Court grant this petition, and upon reviewing the judgement entered below reverse this cause and remand it for a new trial.

Respectfully Submitted,

Robert W. Leisher

Appendix: Judgement of the Seventh Court of Appeals (attached)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above-entitled and numbered petition for review have been served to the clerk of Court of Criminal Appeals of Texas by placing said copy in mail on the 4th day of May 2015.

Respectfully,



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00441-CR

ROBERT WAYNE LEISHER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court No. F-1457156-I, Honorable Donald C. Adams, Presiding

April 16, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Robert Wayne Leisher entered an open plea of guilty to fraudulent possession of the identifying information of fifty or more persons. He was sentenced by the trial court to thirty years confinement.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certified that, after diligently searching the record, he concluded that the appeal was without merit. Along with his brief, appellate counsel

---

[1] *See Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a brief or response *pro se.* Counsel also represented that he furnished a complete copy of the record to appellant. By letter dated February 19, 2015, this court notified appellant of his right to file a brief or response by March 23, 2015, if he wished to do so, and we subsequently gave him additional time to file his response, which he did.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal including a possible defect in the indictment,[2] the adequacy of the admonishments, and the sufficiency of the evidence. However, he then explained why the issues lack merit.

Appellant also raised several issues for our consideration including 1) his contention that his "open" plea included a promise by the State that there would be an upper cap in his prison term of not more than fifteen years, 2) alleged promises by the State that it would recommend a ten-year prison term and drop the enhancement paragraph, 3) the involuntariness of his plea because he was not taking medication for his bipolar disorder, and 4) the ineffective assistance of his counsel in not objecting to the State's failure to abide by the "pre-hearing negotiations." Evidence of the plea agreement claimed by appellant does not appear in the record, and we must look to the written agreement and the formal record to determine the terms of such an agreement. *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013). Moreover, appellant was informed orally and in writing that the range of punishment was up to life in prison. We also note that the State did drop the enhancement paragraph and recommend a term of

---

[2] Appellant waived his right to complain of "any and all defects, errors, or irregularities, whether of form or substance in the charging instrument."

2

imprisonment of ten years, but nothing in the record indicates that the trial court was bound by that recommendation or by any upper limit other than the statutory range. A plea agreement is not binding until the trial court approves it. *Bland v. State*, 417 S.W.3d 465, 471-72 (Tex. Crim. App. 2013).

As to appellant's competency, appellant's attorney signed a written statement to the effect that she believed her client was competent, and the judge also stated that appellant appeared mentally competent. Although there was testimony from appellant that he was not taking medication for his bipolar disorder, his testimony was lucid and gave no indication of impairment. To the extent that appellant claims his counsel was ineffective for failing to object to the punishment assessed, we have already noted that the record does not support his contention of an agreed cap. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (stating that claims of ineffective assistance must be firmly founded in the record). When counsel has not been given a chance to explain why he or she failed to do something, we should not generally find deficient performance. *Id.* at 593.

In addition, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any arguable error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State*, 813 S.W.2d 508 (Tex. Crim. App. 1991). Although the State requested a punishment of ten years, the court sentenced appellant to thirty years. Yet, the punishment is within the statutory range for a first degree felony, *see Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) (stating that a punishment assessed within the statutory range will generally not be reversed), and appellant had four prior felony convictions and one misdemeanor.

3

He had also failed in the past to successfully complete probation.  We fail to find any error.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.[3]


Brian Quinn
Chief Justice

Do not publish.

---

[3] Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.