

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00027-CR

Linda **RAMIREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR9653
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Rebeca C. Martinez, Justice
              Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed:  September 16, 2015

AFFIRMED

Pursuant to a plea agreement, Appellant Linda Ramirez entered a plea of nolo contendere for felony failure to stop and render aid. The trial court assessed punishment at four years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine in the amount of $1,500.00. The trial court denied Ramirez's motion for a new trial on November 25, 2014; and, on January 23, 2015, the trial court granted Ramirez permission to appeal.

On appeal, Ramirez contends her plea was involuntary because the State breached the terms of the plea bargain agreement, and the trial court therefore erred in denying her motion for a new trial. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 19, 2014, following admonishments by the trial court, Ramirez entered a plea of nolo contendere pursuant to a plea bargain. The plea bargain provided the trial court would not assess punishment in excess of four years' confinement with restitution to be determined by the trial court. The State also agreed to make no recommendation regarding Ramirez's "deferred adjudication/community supervision application," but reserved the "right to speak as to factual issues relevant to [Ramirez's] punishment."

On October 28, 2014, the case was called for sentencing. During Ramirez's testimony, the prosecutor became aware of another felony arrest that was not part of the agreement. The trial court recessed to allow the parties to discuss Ramirez's additional outstanding case.

| | |
|---|---|
| Trial Court: | All right. We are back on the record with 2012-CR-9653. I know that the parties were going to discuss an additional outstanding case that was pending from 2014. And has that been resolved? |
| State: | Yes, Your Honor. |

The Stated agreed to take into consideration an additional theft charge, alleged to have been committed on February 20, 2014.

| | |
|---|---|
| State: | But in exchange for doing that, the State is going to change its recommendation on the failure to stop and render aid from being silent to being opposed to the application. |
| Trial Court: | Are you in agreement with that? |
| Defense Counsel: | Yes, Your Honor. |

Ramirez then proceeded to testify again. She opined that for the first time she was receiving help from her family and asked the court to grant probation and to help her obtain drug

treatment. After confirming the State was withdrawing its "lack of recommendation," the State relied on Ramirez's "fairly abysmal" criminal history and recommended that Ramirez "should do some jail time [or] some sort of lockdown [substance abuse] treatment might be in order." The State reiterated its prior recommendation was four years' confinement and without a recommendation as to probation, but that they were now opposing probation.

Court:            All right. Ms. Ramirez—[Is] there any legal reason I should not
                  proceed at this time?
Defense Counsel:  No, Your Honor.

On October 28, 2014, the trial court sentenced Ramirez to four years' confinement and assessed a fine in the amount of $1,500.00.

Ramirez filed a motion for new trial on November 21, 2014, and an amended motion for new trial on January 6, 2015, asserting that the State's change in its position to remain silent on the issue of deferred adjudication or community supervision rendered her plea involuntary. The motion was denied by operation of law. The trial court subsequently granted Ramirez's motion for permission to appeal from her plea-bargained case. *See* TEX. R. APP. P. 25.2(a)(2)(B); *see also Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003) (holding a trial court's permission to appeal controlled over appellant's previous written waiver of the right to appeal).

**VOLUNTARINESS**

**A.      Standard of Review**

We consider Ramirez's claim using the abuse of discretion standard of review applicable to denials of motions for new trial. *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012); *Roberts v. State*, 278 S.W.3d 778, 788 (Tex. App.—San Antonio 2008, pet. ref'd). This standard requires the reviewing court to show significant deference to the trial court, "reversing only if the trial court's decision was clearly erroneous and arbitrary." *Riley*, 378 S.W.3d at 457 (citing

*Freeman v. State*, 340 S.W.3d 717, 732 (Tex. Crim. App. 2011)). "A trial court abuses its discretion if no reasonable view of the record could support the trial court's ruling." *Id.* Under this deferential standard of review, we "view the evidence in the light most favorable to the trial court's ruling" and will not substitute our judgment for that of the trial court. *Id.* Further, we "must uphold the trial court's ruling if it is within the zone of reasonable disagreement." *Id.*

**B.     Applicable Law**

A plea bargain is essentially a contractual arrangement made voluntarily and knowingly between the State and the defendant, and only these two parties have the authority to alter terms of the agreement. *See Absalon v. State*, 460 S.W.3d 158, 162 (Tex. Crim. App. 2015) (citing *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009)). Although the plea agreement is not binding on the court, upon acceptance by the court, both parties are bound to the agreement. *Id.* "[P]lea agreements may contain a variety of stipulations and assurances, depending on the desires of the State and the defendant." *State v. Moore*, 240 S.W.3d 248, 250 (Tex. Crim. App. 2007); *accord Bland v. State*, 417 S.W.3d 465, 471 (Tex. Crim. App. 2013).

The role of the trial court in the plea bargain process is limited to "advising the defendant whether it will 'follow or reject' the bargain." *Moore*, 295 S.W.3d at 331–32 (citing TEX. CODE CRIM. PROC. ANN. art. 26.13 (West Supp. 2015)). When a trial court provides express approval for a plea bargain, it binds all necessary parties to the agreement. *Bland*, 417 S.W.3d at 471; *Bitterman v. State*, 180 S.W.3d 139, 142 (Tex. Crim. App. 2005); *Wright v. State*, 158 S.W.3d 590, 593–94 (Tex. App.—San Antonio 2005, pet. ref'd). If the agreement cannot be enforced, or if the prosecution does not perform its responsibilities under the agreement, the plea bargain is considered involuntary and the defendant is entitled to withdraw his plea. *Bland*, 417 S.W.3d at 471; *Bitterman*, 180 S.W.3d at 142; *Wright*, 158 S.W.3d at 593–94.

**C.      Arguments on Appeal**

On appeal, Ramirez argues the State failed to meet its obligations under the negotiated plea bargain she signed on September 19, 2014.  Specifically, Ramirez argues the State changed its position on remaining silent on the issue of deferred adjudication or community supervision. Ramirez states she "was not admonished or even asked if she agreed or even understood the change."

The State counters the modification in the plea bargain was jointly agreed to on the record. In exchange for a dismissal in a separate unrelated criminal case, the State was permitted to oppose deferred adjudication or community supervision in the present case.  The State honored its obligation to dismiss Ramirez's separate case, and Ramirez benefited from the bargain.  We agree with the State.

**D.      Analysis**

Our analysis of Ramirez's claim that her plea was involuntary by reviewing the totality of the circumstances, includes the written plea agreement, the formal record, and prosecutorial or judicial participation.  *Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986); *see Ex Parte Moussazadeh*, 361 S.W.3d 684, 688 (Tex. Crim. App. 2012).

The record does not support Ramirez's allegations that her plea was involuntary because she "was not admonished or even asked if she agreed or even understood the change."  In fact, the record states both parties engaged in private discussions prior to returning to a discussion on the record with a unified agreement to modify.  Ramirez was subsequently questioned by the trial court on three separate occasions.  Rather than express disagreement with the modification, the record demonstrates Ramirez reaffirmed her approval each time.

Trial Court:        Are you in agreement with that?
Defense Counsel:  Yes, Your Honor.

. . . .

| Trial Court: | And the State was—it was four years TDC, and now you are opposed; is that correct? |
|---|---|
| State: | It was four years silent, and now it's four opposed. |
| Court: | Okay. |
| Defense Counsel: | Yeah, four over four. |

. . .

| Trial Court: | All right. Ms. Ramirez—Was there any legal reason I should not proceed at this time? |
|---|---|
| Defense Counsel: | No, Your Honor. |

*See* TEX. R. APP. P. 33.1; *Mendez v. State*, 138 S.W.3d 334, 341–42 (Tex. Crim. App. 2004) (holding that failure to present a timely and specific request, objection, or motion to the trial court for a ruling results in waiver or forfeiture of the right to present the claim on appeal).

Further, the record is clear that the trial court did not initiate or suggest these modifications. *See Moore*, 295 S.W.3d at 332 ("[O]nly the state and the defendant may alter the terms of the agreement. . . ."). Although the original plea bargain contained terms precluding the State from opposing deferred adjudication or community supervision, the plea bargain was modified with the consent of both Ramirez and the State. *See id.* Absent evidence that the plea was unilaterally modified, bilateral modification alone will not equate to an involuntary plea. *See id.* Based on a totality of the circumstances, we cannot conclude that Ramirez's plea was involuntary. *See Griffin*, 703 S.W.2d at 196; *see also Ex Parte Moussazadeh*, 361 S.W.3d at 688.

## CONCLUSION

Accordingly, we overrule Ramirez's sole issue on appeal and affirm the trial court's judgment.

Patricia O. Alvarez, Justice

DO NOT PUBLISH