ACCEPTED
04-15-00331-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/19/2015 10:47:10 AM
KEITH HOTTLE
CLERK

## NO. 04-15-00331-CR

## IN THE COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/19/2015 10:47:10 AM
KEITH E. HOTTLE
Clerk

_____

### FERNANDO TORRES,
*Appellant*


v.


### THE STATE OF TEXAS,
*Appellee*

_____

ON APPEAL FROM 290th JUDICIAL DISTRICT
OF BEXAR COUNTY, TEXAS
TRIAL CAUSE NO. 2015-CR-1546W

_____

### BRIEF FOR THE STATE
_____


NICHOLAS "Nico" LAHOOD
Criminal District Attorney
Bexar County, Texas


LAURA E. DURBIN
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 W. Nueva Street
San Antonio, Texas 78205
Phone: (210) 335-2411 Fax: (210) 335-2436
State Bar No. 24068556


Attorneys for the State of Texas


### ORAL ARGUMENT REQUESTED

## Identity of the Parties and Counsel

Pursuant to TEX. R. APP. P. 38.2(a), the appellee supplements the appellant's list of parties as follows:

**APPELLATE STATE'S ATTORNEY**

**Laura E. Durbin**
State Bar No. 24068556
Assistant Criminal District Attorney
Paul Elizondo Tower
101 W. Nueva Street
San Antonio, Texas 78205
(210) 335-2411
laura.durbin@bexar.org

# Table of Contents

Identity of the Parties and Counsel ................................................................ ii

Table of Authorities ....................................................................................... v

I.   Statement Regarding Oral Argument ..................................................... 1

II.  Statement Regarding Record Notation ................................................... 1

III. Statement of Case .................................................................................. 1

IV.  Statement of the Facts ........................................................................... 3

V.   **State's Response to Appellant's First Point of Error**: ................................ 3

*Appellant's appeal should be dismissed for lack of jurisdiction.  The trial court's amended Certification of Appellant Right to Appeal was entered after the trial court lost plenary jurisdiction and therefore void.  Even if this Court has jurisdiction, the evidence supports the finding of guilt.* ................ 3

VI.  Summary of the Argument ..................................................................... 3

VII. **Argument** .............................................................................................. 4

A.   *A defendant's right to appeal in a plea bargain case* ................................... 4

B.   *The trial court had lost jurisdiction to certify Torres's right to appeal* ....... 4

C.   *The trial court had no inherent authority to certify Torres's right to appeal after it lost plenary jurisdiction* ............................................................. 6

D.   *Texas Rules of Civil Procedure do not apply* ................................................ 7

E.   *Torres is in breach of his plea agreement* ..................................................... 7

F.   *Torres's confession supports a finding of guilt* ............................................. 10

iii

**VIII.** **State's Response to Appellant's Second Point of Error**: ........................12

*Torres stipulated and judicially confessed that he used the lit cigarette as a deadly weapon.* ....................................................................................................12

**IX.** Summary of the Argument ................................................................................12

**X.** **Argument**........................................................................................................12

**XI.** Prayer for Relief .............................................................................................13

**XII.** Certificate of Compliance..............................................................................14

**XIII.** Certificate of Service.....................................................................................14

# Table of Authorities

**Cases**

*Alzarka v. State*, 90 S.W.3d 321 (Tex. Crim. App. 2002) ....................................... 8

*Blanton v. State*, 369 S.W.3d 894 (Tex. Crim. App. 2012) ................................... 10

*Ex parte De Leon*, 400 S.W.3d 83 (Tex. Crim. App. 2013) ............................... 7, 8

*Ex parte Williams*, 703 S.W.2d 674 (Tex. Crim. App. 1986) .............................. 10

*Hutchings v. Biery*, 723 S.W.2d 347 (Tex. App.—San Antonio 1987) ................. 6

*Potts v. State*, 571 S.W.2d 180 (Tex. Crim. App. 1978) ..................................... 10

*Shannon v. State*, 708 S.W.2d 850 (Tex. Crim. App. 1986) ................................... 9

*State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47 (Tex. Crim. App. 1987) ................. 5

*State v. Aguilera*, 165 S.W.3d 695 (Tex. Crim. App. 2005) ................................... 4

*State v. Bates*, 889 S.W.2d 306 (Tex. Crim. App. 1994) ................................... 5, 6

*Stone v. State*, 919 S.W.2d 424 (Tex. Crim. App. 1996) ..................................... 10

*Strube v. Strube*, 379 S.W.2d 44 (Tex. Crim. App. 1963) ..................................... 7

*Tijerina v. State*, 264 S.W.3d 320 (Tex. App.—San Antonio 2008) ............... 10, 12

*Willis v. State*, 121 S.W.3d 400 (Tex. Crim. App. 2003) ....................................... 8

## Statutes

Tex. Code Crim. Proc. Ann. art. 1.15 (West) ........................................................ 10

Tex. Penal Code Ann. § 1.07(a)(17) (West) ........................................................ 12

## Other

Tex. R. App. P. 9.4 ........................................................ 14

Tex. R. App. P. 25.2 ........................................................ 4

Tex. R. App. P. 44.02 ........................................................ 4

Tex. R. App. P. 21.8(c) ........................................................ 5

Tex. R. App. P. 22.4(a) ........................................................ 5

Tex. R. App. P. 22.4(b) ........................................................ 5

Tex. R. App. P. 38.2(a) ........................................................ 2

Tex. R. App. P. 25.2(a)(2) ........................................................ 4

Tex. R. App. P. 21.8(a), 22.4(a) ........................................................ 5

Tex. R. Civ. P. 329b(e) ........................................................ 7

**TO THE HONORABLE COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS:**

Now comes, Nicholas "Nico" LaHood, Criminal District Attorney of Bexar County, Texas, and files this brief for the State.

## I.      Statement Regarding Oral Argument

The issues in this appeal are not complex, however it raises the unique question of whether a trial court may certify a defendant's right to appeal after it has lost plenary jurisdiction.   Given the question presented, the State requests argument to aid the Court in its resolution of this issue.

## II.      Statement Regarding Record Notation

There are two court reporter records in this appeal: the plea hearing and the punishment hearing.   The plea hearing will be referenced by the court reporter's initials: HT  (HT RR __).   The punishment hearing will be reference by the court reporter's initials:  DJ  (DJ RR __).

## III.      Statement of Case

This is an appeal from a plea bargain agreement.   The procedural history of the case is essential to the State's response to Appellant's brief and will therefore be discussed.

Appellant, Fernando Torres, (hereinafter "Torres") was charged by information with the offense of aggravated assault with a deadly weapon.   (CR 5).

1

Torres entered into a plea bargain with the State and pled guilty to the offense on February 13, 2015. (HT RR 8). Torres and the State agreed to a punishment cap of ten (10) years, a $1500.00 fine, and the dismissal of Torres's sexual assault case.[1] (CR 11). On March 3, 2015, after a brief punishment hearing, the trial court followed the plea bargain and sentenced Torres to ten (10) years in the Texas Department of Criminal Justice – Institutional Division. (CR 22-23, DJ RR 34-35). The same day, the trial court entered a Certification of Defendant's Right to Appeal in which it certified Torres had no right to appeal because it was a plea bargain case. (CR 24). The court orally pronounced Torres had no right to appeal at the punishment hearing. (DJ RR 35).

On April 1, 2015, Torres filed a Motion for New Trial and Motion in Arrest of Judgment. (CR 25-28). The trial court never ruled on the motion and it was denied by operation of law on May 19, 2015, 75 days after the sentence was imposed. On May 22, 2015, the trial court entered a new certification of defendant's right to appeal in which it gave Torres the right to appeal due to issues raised in the Motion for New Trial. (CR 29). Torres filed a notice of appeal several days later on May 26, 2015. (CR 30). This appeal follows.

---

[1] The sexual assault case was dismissed at sentencing. The aggravated assault with a deadly weapon and sexual assault case appear to stem from the same May 22, 2014 incident. (CR 16). This is evidenced in the punishment hearing.

## IV. Statement of the Facts

As this was a plea bargain case, the facts are limited to those found in the stipulation paperwork, which included an offense report and prosecution guide, and the testimony from Angela Rojas during the punishment hearing. (CR 16). Rojas testified on Torres's behalf, but on cross-examination admitted that Appellant had beaten her and vaginally and anally raped her on May 22, 2014. (DJ RR 15, 17-18). Rojas testified she did not recall the cigarette burns from Torres, but burn marks were observed by the reporting detective on Rojas's arm and shoulder. (CR 16, DJ RR 30).

## V. State's Response to Appellant's First Point of Error:

**Appellant's appeal should be dismissed for lack of jurisdiction. The trial court's amended Certification of Defendant's Right to Appeal was entered after the trial court lost plenary jurisdiction and therefore void. Even if this Court has jurisdiction, the evidence supports the finding of guilt.**

## VI. Summary of the Argument

The trial court certified Appellant's right to appeal after its plenary jurisdiction had expired. Because the certification was entered after the trial court lost jurisdiction, the certification is void. Appellant has no right to appeal in this plea bargain case and the appeal should be dismissed for lack of jurisdiction.

However, if this Court deems it has jurisdiction, Appellant's point of error should be overruled. Appellant's judicial confession and the stipulated evidence supports the trial court's finding of guilt.

## VII.  Argument

### A. *A defendant's right to appeal in a plea bargain case*

Briefly, in a plea bargain case, a defendant must have the trial court's permission to appeal. Both the Texas Rule of Appellate Procedure and Texas Code of Criminal Procedure establish the parameters of a defendant's right to appeal in a plea bargain case. Pursuant to Texas Rule of Appellate Procedure 25.2, in a plea bargain case a defendant may only appeal if the matters on appeal were raised by written motion and filed and ruled on before trial or the defendant has permission from the trial court to appeal. Tex. R. App. P. 25.2(a)(2). Texas Rule of Appellate Procedure 44.02 confers the defendant the right to appeal, however, in a plea bargain case in which the punishment does not exceed the punishment recommended by the State, the defendant must have permission of the trial court. The Code of Criminal Procedure mimics the appellate rule. Tex. Code Crim. P. Ann. art. 44.02 (Vernon's Supp. 2014) (emphasis added).

### B. *The trial court had lost jurisdiction to certify Torres's right to appeal*

A court may retain plenary jurisdiction if a motion for new trial or a motion for arrest of judgment is filed within 30 days after the judgment is imposed. *See*

4

*State v. Aguilera*, 165 S.W.3d 695, 697 (Tex. Crim. App. 2005) (holding court retains plenary power to modify sentence on the same day initial sentence is assessed and before the court adjourns for the day, otherwise a motion for new trial is required). If a motion for new trial is filed, the trial court must rule of the motion within 75 days after the sentence was imposed. Tex. R. App. P. 22.4(a). If the trial court does not rule of the motion, it will be denied by operation of law. Tex. R. App. P. 22.4(b). Regardless of whether the motion is denied by the court or by operation of law, the court loses its jurisdiction 75 days after the sentence was imposed. Tex. R. App. P. 21.8(a), 22.4(a); *see State v. Bates*, 889 S.W.2d 306, 310 (Tex. Crim. App. 1994) (holding appellate court did not err when it found order for new trial entered 75 days after the initial judgment was void).

On February 13, 2015, Torres pled guilty pursuant to a plea bargain agreement. After the trial court sentenced Torres, it certified that he did not have the right to appeal. Twenty-nine days later, Torres filed a motion for new trial and a motion to arrest the judgment in which he raised the same argument now on appeal: there was insufficient evidence to support the deadly weapon finding and a lit cigarette is not a deadly weapon. The trial court never ruled on the motion and it was denied by operation of law.

Here, Torres's judgment was entered on March 3, 2015. Because a motion for new trial was filed, the court retained jurisdiction for 75 days after March 3.

5

When no written order was made prior to the expiration of seventy-five days, the motion was deemed denied by operation of law. Tex. R. App. P. 21.8(c); *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 498 (Tex. Crim. App. 1987). Accordingly, on May 18, 2015, the trial court's judgment of conviction became final and the trial court lost plenary jurisdiction.[2]

Three days later, the trial court entered a second certification of appealability in which it granted Torres the right to appeal the issues raised in the motion for new trial. This certification is void. The trial court had lost jurisdiction on May 18, 2015. Therefore, Torres is bound by the original certification of appeal entered the day the sentence was imposed stating he had no right to appeal. As this was a plea bargain case and Torres has no right to appeal, the appeal should be dismissed.

## C. *The trial court had no inherent authority to certify Torres's right to appeal after it lost plenary jurisdiction*

Courts have recognized that trial courts do retain inherent authority over cases, such as the ability to enter a judgment *nunc pro tunc*. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994) (considering court's ability to enter judgments *nunc pro tunc* under the Rules of Appellate Procedure); *see also Hutchings v. Berry*, 723 S.W.2d 347, 3494 (Tex. App.—San Antonio 1987)

---

[2] The 75th day is May 17, 2015, a Sunday. Under the rules of time computation, jurisdiction would have expired May 18, 2015. Tex. R. App. P. 4.1(a).

6

(noting statutory authority for continuing jurisdiction in a suit affecting the parent-child relationship). No court has recognized the trial court's inherent authority to grant a defendant the right to appeal in a plea bargain case after the court lost plenary jurisdiction.

### D. Texas Rules of Civil Procedure do not apply

Texas Rule of Civil Procedure 329b(e) allows a trial court to retain plenary power "to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motion are overruled, either by a written and signed order or by operation of law, whichever occurs first."  Tex. R. Civ. P. 329b(e).  The State would quickly note, Rule 329b(e) is inapplicable in a criminal case. *State ex. rel. Cobb v. Godfrey*, 379 S.W.2d 47, 49 (Tex. Crim. App. 1987). Under the Rule of Appellate Procedure 22.4, the trial court lost jurisdiction on the seventy-fifth (75) day after the sentence was imposed when no new trial was granted.

### E. Torres is in breach of his plea agreement

The State notes not only did the trial court not have jurisdiction to amend Torres's certification of his right to appeal, Torres breached his plea bargain when he filed his notice of appeal. He now asks for reversal of his conviction. The State maintains dismissal of this appeal is the appropriate remedy; however should the

Court entertain this appeal, remand due to breach of the agreement is the appropriate remedy, not reversal.

A plea bargain is a contract between the State and the defendant. *Ex parte DeLeon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013). When a plea bargain is finalized and the trial court binds itself to the terms of the agreement, both parties are entitled to specific performance. *Id*.

The Court of Criminal Appeals has continuously upheld a defendant's right to appeal in plea bargain cases when a waiver of appeal was not part of the bargain. In *Willis v. State*, the Court held a trial court's independent permission to appeal outweighs a defendant's waiver of the right to appeal contained in printed plea documents. 121 S.W.3d 400, 403 (Tex. Crim. App. 2003). Furthermore, if the record clearly shows a defendant did not waive his right to appeal, a plea form including a waiver of the right to appeal will bar a defendant's right to appeal. *Alzarka v. State*, 90 S.W.3d 321, 324 (Tex. Crim. App. 2002). Recently, in *DeLeon*, the Court of Criminal Appeals held based on the totality of the circumstances, the appellant's waiver of his right to appeal was not an element of the plea bargain and he had retained the right to appeal. *DeLeon*, 400 S.W.3d at 89. However, Torres's case is unique.

Not only did the court explain to Torres that because it followed the plea bargain he could not appeal, the waiver of appeal was clearly part of the plea

bargain. The prosecuting attorney, Torres, and Torres's trial attorney signed a document entitled "Plea Bargain." The document described the terms of the bargain and included a specific portion entitled "Waiver of Appeal" which stated the following conditions of the plea bargain:

> I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to me, my right to appeal will be limited ton only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. **However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waiver my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement**…"

(CR 11) (emphasis added).

The record supports Torres waived his right to appeal. The agreement was a 10 year punishment cap and the Court assessed punishment at 10 years, thus not exceeding the agreement. Once the trial court certified Torres's right to appeal, and Torres filed his notice of appeal, the plea agreement was breached. If the appeal is not dismissed for lack of jurisdiction, at the very least, the matter should be remanded to the trial court to return the parties to the original position because the terms of the plea bargain agreement have been violated. *Shannon v. State*, 708 S.W.2d 850, 852 (Tex. Crim. App. 1986) (discussing the appropriate remedy of a

9

challenged negotiated plea agreement is specific performance or withdrawal of the plea to return parties to the original position).

The State will note when Torres filed his notice of appeal, the trial court had lost jurisdiction. The State could not object and request specific performance. Not only had the trial court already allowed the breach, it no longer had the authority to require specific performance. Any objection would have been a "useless task." *Blanton v. State*, 369 S.W.3d 894, 900 (Tex. Crim. App. 2012) (noting a trial court properly changed an order via a *nunc pro tunc* and a hearing on the judgment *nunc pro tunc* would have been a useless task).

### F. Torres's confession supports a finding of guilt

If this Court deems it has jurisdiction and the plea agreement was not breached, this Court can still uphold Torres's conviction because the evidence sufficiently supports a finding of guilt.

A person may be convicted of a felony upon entering a guilty plea only if the State has introduced sufficient evidence supporting the conviction. Tex. Code. Crim. Proc. Ann. art. 1.15 (Vernon's Supp. 2014). To satisfy article 1.15, the State is required to introduce supporting evidence that "embrace[s] every essential element of the offense charged." *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). The entry of a voluntary plea has the effect of admitting all material facts alleged in the formal criminal charge. *Ex parte Williams*, 703 S.W.2d 674,

10

682 (Tex. Crim. App. 1986). A judicial confession alone is sufficient to sustain a conviction upon a guilty plea and satisfies the State's burden under article 1.15. *Potts v. State*, 571 S.W.2d 180, 181-82 (Tex. Crim. App. 1978); *Tijerina v. State*, 264 S.W.3d 320, 323-24 (Tex. App.—San Antonio 2008, no. pet.).

In a short plea hearing, the trial court admonished the defendant to his rights and at the end of the hearing, Torres entered a guilty plea. Specifically:

> The Court: To the offense of aggravated assault with a deadly weapon, how do you plead: Guilty, not guilty or not contest?
>
> The Defendant: Guilty.
>
> The Court: Are you pleading guilty because you're guilty and for not other reason?
>
> The Defendant: Yes, Ma'am.

(HT RR 8-9).

At the plea hearing, the trial court admitted Torres's "Waiver, Consent to Stipulation of Testimony and Stipulations." (CR 12-15, HT RR 9). In the written waiver and consent to stipulations, Torres swore he was the person named in the stipulated evidence, that the evidence was true and correct, and judicially confessed and admitted that:

> on or about the 22nd day of May, 2014, Fernando Torres, hereinafter referred to as defendant, did exhibit and display a deadly weapon, to wit: a lit cigarette, that in the manner of its use and intended use was capable of causing serious bodily injury and death, and the defendant did intentionally, knowingly and recklessly cause bodily injury to

11

Angela Rojas, hereinafter referred to as complainant, by placing the lit portion of the lit cigarette onto the body of the complainant.

(CR 5, 12-13)

Torres swore the allegations in the information were true and judicially confessed to those allegations, including the use of a deadly weapon in the commission the aggravated assault. On appeal, Torres argues the evidence was insufficient to support his conviction of aggravated assault because a lit cigarette could not constitute a deadly weapon. However, Torres judicially confessed to using the lit cigarette in a manner which constituted a deadly weapon. This is sufficient to support a finding of guilt. *Tijerina*, 264 S.W.3d at 324.

## VIII.      State's Response to Appellant's Second Point of Error:

**Torres stipulated and judicially confessed that he used the lit cigarette as a deadly weapon.**

## IX.      Summary of the Argument

Torres judicially confessed to using a lit cigarette as a deadly weapon. Because he confessed to using the cigarette as a deadly weapon, it is sufficient to support the finding under Texas Penal Code 1.07(a)(17).

## X.      Argument

The Penal Code defines "deadly weapon" as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. sec. 1.07(a)(17) (Vernon's Supp. 2014). Torres judicially

confessed and he admitted that he used the lit cigarette as a deadly weapon. As stated, a judicial confession alone is sufficient to sustain a conviction upon a guilty plea and satisfies the State's burden under article 1.15. Following that rationale, it Torres admission that he used the lit cigarette as a deadly weapon is sufficient to support the trial court's deadly weapon finding.

## XI.    Prayer for Relief

The State prays that this Court will dismiss this appeal for lack of jurisdiction.

Respectfully submitted,
NICHOLAS "Nico" LAHOOD
Criminal District Attorney
Bexar County, Texas

*/s/ Laura E. Durbin*

_____
LAURA E. DURBIN
Assistant Criminal District Attorney
Bexar County, Texas
101 West Nueva, 7th Floor
San Antonio, Texas 78204
(210) 335-2411
laura.durbin@bexar.org
State Bar No. 24068556
(On Appeal)

Attorneys for the State

13

## XII.       <u>Certificate of Compliance</u>

I certify, in accordance with newly revised Rule 9.4 of the Texas Rules of Appellate Procedure that this document contains 2,885 words.

*/s/ Laura E. Durbin*

_____

LAURA E. DURBIN

## XIII.       <u>Certificate of Service</u>

I, Laura Durbin, Assistant Criminal District Attorney, hereby certify that a true and correct copy of the above and foregoing brief was served electronically to Anthony J. Colton, Counsel for Fernando Torres, at acolton@coltonlawfirm.com on the 19th day of October, 2015.

*/s/ Laura E. Durbin*

_____

LAURA E. DURBIN