IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-76,763 & 76,764






EX PARTE JESUS DE LEON, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 06-CR-0405-G & 06-CR-2746-G IN THE 404TH DISTRICT COURT


FROM CAMERON COUNTY






 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In cause number 06-CR-0405-G,
Applicant was convicted of aggravated sexual assault of a child, sexual performance by a child, and
two counts of possession of child pornography. He was sentenced to imprisonment for ten years on
each possession of child pornography count and for fifty and twenty years on the other counts. In
cause number 06-CR-2746-G, Applicant was convicted of twenty counts of possession of child
pornography and sentenced to ten years' imprisonment on each count. The Thirteenth Court of
Appeals affirmed his convictions. De Leon v. State, Nos. 13-07-00187-CR & 13-07-00189-CR (Tex.
App.-Corpus Christi-Edinburg May 15, 2008, pet. ref'd).

 Applicant contends, among other things, that his guilty pleas were rendered involuntary
because the State breached the plea agreements. On March 28, 2012, we filed and set these
applications for submission and ordered briefing from the parties. In our briefing order, we also
directed the trial court to determine whether Applicant was indigent and wished to be represented
by counsel.

 On April 23, 2012, the trial court held a hearing, determined that Applicant was indigent, (1)
and appointed counsel. After learning that Applicant wished to proceed pro se, counsel filed a
motion to withdraw in the trial court. The trial court then held a second hearing, heard from
Applicant, and orally granted counsel's motion to withdraw. On May 30, counsel filed a motion to
withdraw in this Court. 

 An appellate court may allow an attorney to withdraw from representing a party in an
appellate court. Tex. R. App. P. 6.5. In cases such as Applicant's, which have been filed and set for
submission and docketed pursuant to Article 11.07, § 5 of the Code of Criminal Procedure, we have
not clearly stated whether we have the exclusive authority to rule on a motion to withdraw. We now
hold that we do have the exclusive authority in cases docketed under § 5 and that counsel must file
his motion to withdraw in this Court, not in the trial court. 

 Therefore, in these cases, the trial court's decision to grant counsel's motion to withdraw had
no legal effect. We nonetheless take judicial notice of the proceedings before the trial court and grant
counsel's motion to withdraw filed in this Court.

Filed: June 13, 2012

Publish
1. Nothing in the record indicates that the trial court determined whether Applicant wished
to be represented by counsel.