

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. AP-76,763 & AP-76,764

### EX PARTE JESUS DE LEON, Applicant

### ON APPLICATIONS FOR WRIT OF HABEAS CORPUS
### CAUSE NOS. 06-CR-0405-G & 06-CR-2746-G
### IN THE 404ᵀᴴ DISTRICT COURT
### FROM CAMERON COUNTY, TEXAS

HERVEY, J., delivered the opinion of the Court in which PRICE, WOMACK, JOHNSON, KEASLER, COCHRAN, and ALCALA, JJ., joined. KELLER, P.J., filed a concurring opinion in which JOHNSON and COCHRAN, JJ., joined. MEYERS, J., did not participate.

## O P I N I O N

Applicant, Jesus De Leon, filed these applications for writ of habeas corpus

brought pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  Pursuant to

plea agreements, Applicant pled guilty to one count of aggravated sexual assault of a

child, one count of sexual performance by a child, and twenty-two counts of possession of

child pornography.  The trial court granted Applicant permission to appeal, even though

the State argues that Applicant waived all rights to appeal pursuant to a waiver in the plea

agreements. We filed and set the instant applications to address whether, based on the totality of the record, waiver of appeal was an element of Applicant's plea agreements and whether Applicant's guilty pleas were rendered involuntary because the State reindicted Applicant's brother. We will grant relief.

## FACTS AND PROCEDURAL HISTORY

On March 15, 2006, Applicant was indicted by a Cameron County grand jury with one count of aggravated sexual assault of a child, one count of sexual performance by a child, and two counts of possession of child pornography in cause number 06-CR-0405-G. In December of 2006, Applicant and his brother, Adrian, were indicted for an additional twenty counts of possession of child pornography in cause number 06-CR-2746-G.

On January 25, 2007, the State and Applicant appeared before the 404th District Court and announced that plea agreements had been reached in both cases. The written plea agreements reached in each case provided the following, in relevant part:

13. I understand that if a punishment is being recommended by the prosecutor and agreed to by me and my attorney and the punishment assessed by the Court does not exceed that agreed punishment that I cannot, without the Court's permission, prosecute an appeal on any matter in this case except for those matters raised by written motions filed and ruled upon prior to;

14. I affirm to the Court that there has been no plea agreement in this case except as follows: *In exchange for the defendant's plea of guilty in cause numbers 06-CR-0405-G and 06-CR-2746-G, the State of Texas agrees to*

*cap punishment at 75 years in the Texas Department of Corrections. The State of Texas opposes deferred adjudication in both cause numbers, 06-CR-0405-G and 06-CR-2746-G.* And I understand that the Court is not bound to accept a plea bargain and if the Court rejects a plea bargain I may withdraw my plea of guilty; HOWEVER, IF the Court does accept my plea bargain, I EXPRESSLY waive all of my rights to appeal. *The State of Texas will not oppose defendant's request that the sentences in these two cause numbers run concurrently. In addition the State will dismiss the entire indictment against the co-defendant [Applicant's brother] in cause number 06-CR-2746-G.*[1]

At the plea hearing, Judge Abel Limas initially discussed the general admonishments with Applicant. Then, in discussing the consequences of accepting the plea bargain agreements, Judge Limas explained,

> [I]f I do accept that plea bargain then you do not have the right to appeal your case unless I grant you permission. You can also appeal those matters, if I accept your plea bargain, you can appeal those matters that were filed in the form of pretrial motions anything that was adverse, any adverse rulings that the court made you may appeal, all right? Those are the only two ways that you can appeal any of these two cases. Do you understand that?

Applicant responded that he understood, and the State made no objection. Subsequently, Judge Limas addressed the terms of the plea agreements:

> THE COURT: . . . [I]t says that in exchange for your plea of guilty in both cause numbers, the state agrees to cap punishment at 75 years in the Texas Department of Criminal Justice Institutional Division. Further, that the State of Texas opposes deferred adjudication in both cause numbers, and that the state will not oppose your request that the sentences run concurrent. In other words, they are going to run together, all right? You don't finish one then start the other one, that's what that means. Do you understand

---

[1]Emphasis is added to distinguish the standard pre-printed language (regular font) from the handwritten language (italicized).

that?

THE DEFENDANT: Yes.

THE COURT: All right. And in addition, the state will dismiss the entire indictment against the co-defendant in cause number 06-CR-2746. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: All right. Now, as you know it, that is - - is that the extent of the agreement that you know?

THE DEFENDANT: Yes.

Neither defense counsel nor the State mentioned a waiver of appeal as part of the plea agreements. The trial court accepted Applicant's plea of guilty and reset sentencing for a later date.

Applicant was sentenced in accordance with the plea agreements, receiving fifty years for the aggravated sexual assault of a child, twenty years for the sexual performance by a child, and ten years for each possession-of-child-pornography count. The State filed a motion to dismiss charges against Applicant's brother, which the trial court granted on March 5, 2007. On March 8, 2007, the trial court entered its written judgments of conviction in both of Applicant's cases, which specifically provided the following:

> Term of Plea Agreement (In Detail): In exchange for the defendant's Plea of guilty in Cause Number's [sic] 06-CR-405-G & 06-CR-2746-G, the State of Texas agrees to Cap Punishment at 75 Years in the Texas Department of Corrections. The State of Texas opposes deferred adjudication in both Cause Number's [sic], 06-CR-405-G & 06-CR-2746-G. The State of Texas

will not oppose the defendant's request that the sentences in these two Cause Numbers run concurrently. In addition the State will dismiss the entire indictment against the co-defendant in Cause Number 06-CR-2746-G.

On March 14, 2007, Applicant filed a pro se motion to withdraw pleas of guilt, a pro se notice of appeal, and a pro se motion to appeal with the trial court raising issues as to the ineffectiveness of trial counsel, and the next day, Applicant filed a pro se motion to request court-appointed appellate counsel. The State alleges that it was never served with any of these documents. On March 27, 2007, the trial court appointed appellate counsel for Applicant, and it certified Applicant's right to appeal the next day.

The State, upon learning of the trial court's certification of Applicant's right to appeal, sought specific performance of Applicant's waiver of appeal in the plea agreements by filing a Motion to Reconsider Trial Court's Granting of Permission for Defendant to Appeal, or in the Alternative to Judicially Acknowledge Defendant has Reneged on Plea Agreement. The State argued that Applicant explicitly waived his right to appeal in the plea agreements and that he reneged on the agreements by filing a notice of appeal. The State also acknowledged that it "will be seeking to re-indict Adrian De Leon [Applicant's brother], the co-defendant in cause number 06-CR-2746-G." At the hearing on the State's motion to reconsider, in addressing the voluntariness of the plea agreements, the following exchange occurred:

[THE STATE]: So I guess let me clarify, Judge. I think there is two things

here, there is a waiver of appeal, which is in the plea agreement. And then secondly, there is his request for permission to appeal. I understand the Court has granted his permission to appeal, and my question to the Court and for clarification on the record is whether or not this Court in any way is making any finding that his waiver of appeal was involuntary?

THE COURT: No, that is not it. All right? On the admonishments, there are two, that if the Court accepts your plea, you're waiving your right to appeal and you can only appeal those motions that were filed before, you know, before the plea that were entertained by the Court. And the other one that we inform them is that even though they plead guilty and they are waiving their appeal, unless the Court grants you permission, and that's what I am doing. It has nothing to do that his waiver of appeal was involuntary or nothing like that. I am just granting him permission because of the letter that he sent to the Court alleging ineffective assistance of counsel, which I think is entitled for review on that.

The court made no finding on the record that Applicant had reneged on the agreements.

Subsequently, the State reindicted Applicant's brother. *See De Leon v. State*, No. 13-09-00606-CR, 2011 Tex. App. LEXIS 7029 (Tex. App.— Corpus Christi Aug. 30, 2011). The State does not deny this, but argues that Applicant breached the plea agreements first.

On appeal to the Thirteenth Court of Appeals, Applicant's claims pertained primarily to the legal representation provided to him at trial and the trial court's refusal to allow Appellant to withdraw his guilty plea.[2] *De Leon v. State*, Nos. 13-07-00187-CR &

---

[2]On appeal, Applicant raised four issues pertaining to: (1) right to appeal; (2) conflict of interest; (3) ineffective assistance of counsel; (4) Applicant's motion to withdraw his guilty plea. In the conflict of interest issue, Applicant argued that trial counsel represented both brothers in these matters. *De Leon*, 2008 Tex. App. LEXIS 3512.

13-07-00189-CR, 2008 Tex. App. LEXIS 3512 (Tex. App.—Corpus Christi May 15, 2008, pet. ref'd) (memo. op., not designated for publication). The State again attempted to seek specific performance of the waiver of appeal in the plea agreements, arguing that Applicant had waived his right to appeal so his appeal should be dismissed. *Id*. The court of appeals held that, although Applicant had validly waived appeal, he obtained the trial court's permission to appeal and, therefore, was permitted to do so. *Id*. The court of appeals went on to affirm Applicant's convictions. *Id*. We refused Applicant's petitions for discretionary review. *De Leon v. State*, No. PD-0908-08, 2009 Tex. Crim. App. LEXIS 179 (Tex. Crim. App. Feb. 4, 2009); *De Leon v. State*, No. PD-0907-08, 2009 Tex. Crim. App. LEXIS 165 (Tex. Crim. App. Feb. 4, 2009).

On April 19, 2010, Applicant filed the instant applications for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. Applicant contends, among other things, that the State breached the plea agreements by reindicting his brother. We remanded these applications and ordered the habeas court to make findings of fact and conclusions of law. *Ex parte De Leon*, 2010 Tex. Crim. App. Unpub. LEXIS 360 (Tex. Crim. App. 2010). On remand, after Applicant's motion to recuse Judge Limas was granted, the Honorable Benjamin Euresti, Jr. was assigned to sit in Applicant's cases. Judge Euresti entered findings of fact and conclusions of law and recommended that we deny relief. On April 6, 2011, we ordered that the applications be

held in abeyance because the record was not sufficient to resolve Applicant's claims. *Ex parte De Leon*, 2011 Tex. Crim. App. Unpub. LEXIS 257 (Tex. Crim. App. 2011). We also instructed the trial counsel to submit an affidavit stating whether he believed that the plea agreements contemplated that Applicant would waive all rights to an appeal. *Id*. In response, trial counsel submitted an affidavit in which he stated, "My understanding was that [Applicant] pled guilty voluntarily and that no appeal would be forthcoming as a result of the dismissal of the charges against his brother Adrian De Leon."

The habeas court submitted supplemental findings of fact and conclusions of law. The court concluded that the State did not breach the plea agreements because Applicant breached first by appealing: "[Applicant] cannot complain that he had no knowledge the State would re-indict his co-defendant brother when the dismissal of the indictment against his brother was a bargained for condition." The habeas court again recommended that we deny relief.

We filed and set these applications to determine whether (1) based on the totality of the record, waiver of appeal was an implicit or explicit element of the plea agreements; and (2) Applicant's guilty pleas were rendered involuntary because the State re-indicted Applicant's brother after Applicant appealed his convictions. *Ex parte De Leon*, 366 S.W.3d 203 (Tex. Crim. App. 2012) (not designated for publication).

**ARGUMENTS OF THE PARTIES**

### A. Applicant

Applicant contends that he had permission of the trial court to appeal and also argues that his guilty pleas were rendered involuntary because the State breached the plea agreements by reindicting his brother. Applicant argues that the plea hearing reflects the terms of the agreements and the intent of the trial court, much like the claims in *Alzarka v. State*, 90 S.W.3d 321 (Tex. Crim. App. 2002) (rejecting the idea of binding a defendant to a boilerplate term in a plea agreement that conflicted with the intent of the parties reflected at the hearing). He contends that the plea papers and the trial court's admonishments made it clear that the parties intended that Applicant would not be able to appeal unless granted permission by the trial court. Additionally, relying extensively on *Alzarka* and *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003),[3] Applicant contends that a trial court's permission to appeal trumps a waiver of the right to appeal contained in printed plea documents. *See also Willis v. State*, 121 S.W.3d 400 (Tex. Crim. App. 2003). Applicant argues that this Court should conclude that a free-standing waiver of appeal was not an element of the plea agreements, and he was given permission to appeal, meaning that he did not breach the agreements and relief should be granted.

### B. The State

---

[3] Applicant's reliance on *Monreal* is misplaced because the issue in that case dealt with appealing without the trial court's consent and the appellant's waiver of appeal was not part of a negotiated plea bargain. *Monreal*, 99 S.W.3d at 615. Here, Applicant was granted permission to appeal by the trial court.

The State responds that, based on the totality of the record, waiver of appeal was an explicit element of the plea bargain agreements because Applicant knowingly, voluntarily, and expressly waived appeal as part of his plea agreements. The State argues that the record is replete with evidence of this, including the trial court's certificate of defendant's right of appeal, which was signed by trial counsel and indicates that these are plea bargain cases and the defendant has no right to appeal. In addition, trial counsel certified that he explained Applicant's rights, that Applicant understood the nature and consequences of his plea of guilty, and that Applicant knowingly and voluntarily waived his rights. The State reasons that evidence of Applicant's waiver of appeal appears in the State's immediate response upon learning that the trial court granted permission to appeal. *Cf. Willis*, 121 S.W.3d at 402. Additionally, the State contends that the plea of guilty provides no further evidence of the nature of the waiver of appeal and that the reporter's record in these cases in no way compares to the record in *Alzarka*, in which the trial judge, the district attorney, and the appellant's counsel made repeated statements that appellant could appeal, contradicting and rebutting any presumption raised by the terms of the plea form executed by the appellant.

The State also contends that Applicant's guilty pleas were not rendered involuntary by the reindictment of his brother because Applicant himself breached the plea agreements first by seeking permission to appeal and appealing. According to the State,

because Applicant breached the agreements by appealing his cases, specific performance, although sought, became impossible, and the State was released from further performance under the agreements. Thus, the State requests that we deny relief.

**DISCUSSION**

In a plea bargain case, "a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial; or (B) after getting the trial court's permission to appeal." Tex. R. App. P. 25.2(a)(2); *see* TEX CODE CRIM. PROC. art. 44.02. A plea bargain is a contract between the State and the defendant. *Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009). Once a plea agreement is finalized and the trial court binds itself to the terms, the State and the defendant are entitled to the benefit of the bargain. *See Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987); *State v. Moore*, 240 S.W.3d 248, 251 (Tex. Crim. App. 2007). We apply general contract-law principles to determine the intended content of a plea agreement. *Ex parte Moussazadeh*, 64 S.W.3d 404, 411-12 (Tex. Crim. App. 2001). Appellate courts look to the written agreement, as well as the formal record, to determine the terms of the plea agreement, and we will imply a term only when necessary to effectuate the intention of the parties. *Id*.

Two cases guide our analysis today: *Alzarka*, 90 S.W.3d 321; and *Willis*, 121 S.W.3d 400. In *Alzarka*, the appellant pleaded guilty pursuant to a plea agreement and signed a plea form that included a waiver of the right to appeal. *Alzarka*, 90 S.W.3d at

322. With the trial court's permission, appellant appealed. We held that the appellant's appeal was permitted because the record showed that she did not waive her right to appeal. *Id*. at 324. During the plea proceedings, there were multiple discussions about an agreement for appellant to appeal and that the trial court would preserve issues for appeal. *Id*. Accordingly, we determined that the record "directly contradicts and rebuts any presumption raised by the terms of the boiler-plate plea form signed by appellant and reflects that appellant did not waive appeal." *Id*.

In *Willis*, the appellant was charged with possession of a controlled substance with intent to deliver and entered a guilty plea. *Willis*, 121 S.W.3d at 400. The plea documents included a pre-printed statement that the appellant waived his right to appeal. *Id*. at 401. On appeal, however, we held that the trial court's subsequent handwritten permission to appeal controlled over the appellant's previous written waiver of the right to appeal. This allowed the appellant to appeal despite the boilerplate waiver. *Id*. at 403. We reasoned that the trial court is in a better position to determine whether the previously executed waiver of appeal was validly executed and if there was any merit in the appellant's desire to appeal. *Id*.

Turning to the case at hand, we hold that, given all the evidence in the record, the waiver of appeal was not a binding element of Applicant's plea agreements. The explicit terms of the plea agreement provide minimal insight into the intentions of the State and

Applicant. The pre-printed language of paragraph 13 provides that Applicant must have the trial court's permission to appeal. However, the pre-printed language of paragraph 14 provides that Applicant expressly waives his right to appeal. There is no mention of waiver of appeal in the handwritten language. Because of this ambiguity, we must consider the terms of the written plea agreements in light of the entire record, particularly the discussions at the plea hearing. In doing so, we find it clear that the waiver of appeal was not intended to override the trial court's permission to appeal.

To illustrate, at the plea hearing, the trial judge admonished Applicant that, if he accepted the plea agreements, Applicant had no right to appeal *unless* he was granted permission and could appeal matters filed in the form of pretrial motions. Applicant affirmed that he understood that "[t]hose are the only ways that [he] can appeal any of these two cases," and the State made no objection to the admonishment. Moreover, when the trial judge described the terms of Applicant's plea agreements, there was no mention of a waiver of appeal, and Applicant affirmed that was "the extent of the agreement" that he knew. Neither counsel nor the State objected to this or even mentioned a waiver of appeal in the agreements. The State had an opportunity to hold Applicant to the pre-printed waiver of appeal in the agreements, but it failed to do so at the plea hearing.

Further, the judgment of conviction sets forth the following,

Term of Plea Agreement (In Detail): In exchange for the defendant's Plea of guilty in cause Number's [sic] 06-CR-405-G & 06-CR-2746-G, the State

of Texas agrees to Cap Punishment at 75 Years in the Texas Department of Corrections. The State of Texas opposes deferred adjudication in both Cause Number's [sic], 06-CR-405-G & 06-CR-2746-G. The State of Texas will not oppose the defendant's request that the sentences in these two Cause Numbers run concurrently. In addition the State will dismiss the entire indictment against the co-defendant in Cause Number 06-CR-2746-G.

We recognize that, as the State points out, the trial court's certification of defendant's right of appeal did have the section marked indicating that Applicant had no right to appeal, but this document was neither signed nor dated by the trial judge. We also recognize that the habeas court concluded that Applicant breached the plea agreements and that relief should be denied. However, it is significant that the habeas judge was not the trial judge. Judge Limas presided over the plea hearing and the hearing on the motion to reconsider. Thus, Judge Limas was in the best position to determine whether Applicant's was "entitled to review" on a claim of ineffective assistance of counsel and whether waiver of appeal would be an issue. *See Willis*, 121 S.W.3d at 400.

As in *Alzarka*, the record "rebuts any presumption raised by the terms of the boiler-plate plea form signed by [Applicant] and reflects that [Applicant] did not waive appeal" in the plea agreements. *See Alzarka*, 90 S.W.3d at 324. Therefore, in light of all of the evidence in the record, a waiver of appeal was not an essential element of Applicant's plea agreements.

Applicant did not breach the agreements when he obtained the court's permission

to appeal and appealed. Consequently, the State breached the agreements when it reindicted Applicant's brother. The plea papers provided, and the trial judge stated, that the charges against Applicant's brother would be dismissed pursuant to the plea agreements. Once the trial court accepted the plea agreements, the State was bound to the terms, and Applicant was entitled to the benefit of his bargain, that is that his brother not face criminal charges. *See Ricketts*, 483 U.S. at 1; *Moore*, 240 S.W.3d at 251.

As we have previously stated,

> [W]hen a defendant, who has entered a negotiated plea of guilty, challenges the conviction and is successful, the appropriate remedy is specific performance of the plea, if possible, or if not, withdrawal of the plea, with both parties, including the State, returned to their original positions.

*Shannon v. State*, 708 S.W.2d 850, 852 (Tex. Crim. App. 1986). Here, specific performance of the plea agreements is not possible. The State cannot withdraw the charges against Applicant's brother in cause number 06-CR-2746-G because he has already been convicted of that offense. *See De Leon*, 2011 Tex. App. LEXIS 7029. Thus, the proper remedy is to return both parties to their original pre-plea positions. *Id*.; *see also Ex parte Adkins*, 767 S.W.2d 809, 811 (Tex. Crim. App. 1989).

## CONCLUSION

The judgments in cause numbers 06-CR-0405-G and 06-CR-2746-G in the 404th District Court of Cameron County are set aside, and Applicant is remanded to the custody of the Sheriff of Cameron County to answer the charges as set out in the indictments. The

trial court shall issue any necessary bench warrants within ten days after mandate issues from this Court.

Hervey, J.

Delivered: June 5, 2013

Publish