In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00379-CR
_____

OMAR GERARDO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 75th District Court
Liberty County, Texas
Trial Cause No. CR 30247

**ORDER**

In a certification signed on June 14, 2013, the trial court certified that this is a plea-bargain case, that the defendant has no right of appeal, and that the defendant waived the right of appeal. After we notified the parties that the appeal would be dismissed, the trial court amended the certification to state that "the defendant has file[d] a timely Motion for New Trial which was denied, and the

1

appeal is from the denial of the Motion for New Trial and thus the defendant has the right to appeal only the denial of his request for a new trial."

A defendant does not have a right to appeal the denial of a motion for new trial in a plea-bargain case. *Estrada v. State*, 149 S.W.3d 280, 283-84 (Tex. App.— Houston [1st Dist.] 2004, pet. ref'd). Consequently, Gerardo has a right of appeal only if the trial court grants permission to appeal. *See generally Ex parte De Leon*, 400 S.W.3d 83, 89-90 (Tex. Crim. App. 2013) (describing circumstances where trial court may grant permission to appeal a plea-bargain case); *Willis v. State*, 121 S.W.3d 400, 402 (Tex. Crim. App. 2003).

The amended certification is defective because it does not comply with the form promulgated by the Court of Criminal Appeals. *See* Approval of Revision to the Texas Rules of Appellate Procedure, Misc. Docket No. 11-006, 74 Tex. B.J. 938 (Tex. Crim. App. Oct. 17, 2011); *see also Hargesheimer v. State*, 182 S.W.3d 906, 911-12 (Tex. Crim. App. 2006) (disapproving procedure in which trial court modified the certification form). The modified certification before us does not unambiguously indicate whether the trial court intended to grant the defendant a right to appeal any issue, or whether the trial court erroneously thought the defendant could appeal solely from the trial court's ruling on the defendant's motion for new trial.

It is, therefore, ORDERED that the appeal is abated and the case is remanded to the trial court for a proper certification of the defendant's right of appeal. *See* Tex. R. App. P. 37.1; *see also Cortez v. State*, No. PD-1349-12, 2013 WL 522094, at *3 (Tex. Crim. App. Sept. 18, 2013). We direct the trial court to use the certification form promulgated by the Court of Criminal Appeals. The certification shall be signed by Gerardo and his counsel. A supplemental clerk's record containing the amended certification, together with a supplemental reporter's record if the trial court conducts a hearing, shall be filed with the Court of Appeals by December 16, 2013. All appellate timetables are suspended during the abatement. The appeal will be reinstated without further order of this Court when the supplemental clerk's record is filed.

ORDER ENTERED November 14, 2013.

PER CURIAM

Before McKeithen, C.J., Kreger and Horton, JJ.