[pic]

 COURT OF APPEALS

 SECOND DISTRICT OF TEXAS

 FORT WORTH

 NO. 02-16-00404-CR
 NO. 02-16-00405-CR

|Gilbert William Anderson, III | |APPELLANT |
| |
|V. |
|The State of Texas | |STATE |

y
 ------------

 FROM THE 415th District Court OF Parker COUNTY
 TRIAL COURT NO. CR16-0118, CR16-0108

 ------------

 ABATEMENT ORDER

 ------------
 Our review of the appellate records in these cases indicates that the
trial court’s certifications of Appellant Gilbert William Anderson, III’s
right to appeal are defective. The trial court’s nonstandard certification
in each case certifies that the case “is not a plea-bargain case, and the
defendant has the right of appeal as to punishment only.”
 Appellant states in his brief, however, that “[t]he [S]tate waived
other counts [besides deadly conduct and felon in possession of a firearm],
including habitual counts, in exchange for Appellant’s pleas of guilty with
punishment to be set by a jury, thus capping his maximum punishment
exposure to twenty (20) years concurrently. (RR4:5-11).” Our review of
the reporter’s record confirms that this bargain occurred. The State
waived a third allegation—aggravated assault with a deadly weapon—as well
as one of two enhancement paragraphs in exchange for Appellant’s guilty
pleas. The Texas Court of Criminal Appeals has held that a guilty plea
made in exchange for a sentencing cap is a plea bargain for purposes of
rule 25.2(a)(2). Shankle v. State, 119 S.W.3d 808, 812–14 (Tex. Crim. App.
2003).
 Appellant also signed a document waiving all pretrial motions and his
rights of appeal in each case; these waivers were not specified when the
parties placed the terms of the bargain on the record in open court.
Compare Jones v. State, 488 S.W.3d 801, 805, 807 (Tex. Crim. App. 2016)
(upholding presentence boilerplate waiver when the State abandoned an
enhancement paragraph that lowered the minimum statutory term of
confinement), with Ex parte De Leon, 400 S.W.3d 83, 89 (Tex. Crim. App.
2013) (holding that waiver was not a binding term of the bargain and that
it did not override the trial court’s permission to appeal). It is unclear
from the records whether the trial court has given Appellant permission to
pursue these appeals despite the waivers and bargain.
 Accordingly, we ABATE these causes and REMAND them to the trial court.
 For each case, we direct the trial court to file in this court a
supplemental clerk’s record containing an amended certification of
appellant’s right to appeal that comports with the record on or before
Tuesday, January 2, 2018. See Tex. R. App. P. 25.2(a)(2), (d), (f), 37.1;
Marsh v. State, 444 S.W.3d 654, 659–60 (Tex. Crim. App. 2014). Should any
proceedings related to amending the certifications occur in open court, the
trial court shall also ensure that a supplemental reporter’s record of
those proceedings is filed in this court on or before Tuesday, January 2,
2018. The trial court shall use whatever means necessary to secure a
complete, proper amended certification in each case and shall inform this
court as soon as practicable if it is unable to execute the certifications
in accordance with the requirements of rule 25.2(d). See Tex. R. App. P.
25.2(d), Apx D.
 The appeal of these causes shall be automatically reinstated without
further order upon our receipt of the complete supplemental record.
 The clerk of this court is directed to transmit a copy of this order
to the attorneys of record, Appellant, the trial court judge, the court
reporter, and the trial court clerk.
 DATED November 3, 2017.
 PER CURIAM

PANEL: SUDDERTH, C.J.; PITTMAN and KERR, JJ.