COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
| --- | --- | --- |
| LIZZET GANDERA, | | No. 08-17-00112-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 205th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20160D05174) |
| | § | |

## OPINION ON MOTIONS

Appellant, Lizzet Gandara, is appealing her conviction of possession of less than one gram of cocaine. The State filed a motion to dismiss the appeal alleging that Gandara waived her right to appeal as part of the plea bargain and she failed to obtain the consent of the State to appeal. Finding that the waiver of the right to appeal made in the boilerplate plea papers is invalid, we deny the State's motion to dismiss.

## FACTUAL SUMMARY

Gandara was charged by indictment with possession of less than one ounce of cocaine, a state jail felony. The trial court denied Gandara's motion to suppress following a hearing held on February 24, 2017. On April 13, 2017, Gandara waived her right to a jury trial and entered a negotiated plea of guilty in exchange for the State's waiver of its right to a jury trial and its

recommendation for a Section 12.44(a)[1] reduction of punishment to confinement for 180 days in the El Paso County Detention Facility.

The plea papers, admitted at the guilty plea as State's Exhibit 1, consist of ten pages of documents setting forth the various admonishments, notice to Gandara of her rights, the plea agreement, Gandara's judicial confession, her waiver of certain rights vital to the validity of the guilty plea, and an acknowledgment by her attorney. In the section of the plea papers titled "Recommendation for Punishment," Gandara is informed that if the trial court followed the plea bargain, she would be required to obtain the trial court's permission to appeal any matter in the case, except for those matters raised by written motion and ruled on before she entered her guilty plea. Gandara signed the bottom of this page indicating that she had read this page and understood its contents. The plea papers also include a document signed by Gandara titled, "Waiver of Rights, Plea and Acknowledgement by the Defendant." The pertinent portion of this document states:

> I have also been informed of my right to pursue a motion for new trial and/or appeal, including the right to appeal in the event of a subsequent adjudication of guilt after being placed on deferred adjudication community supervision or a revocation of regular community supervision, and that I may waive this right. After having consulted with my attorney, I do hereby voluntarily, knowingly and intelligently waive my right to pursue a motion for new trial or appeal. I further agree that any motion for new trial that I pursue shall not be effective without the express written consent of the State's prosecuting attorney.

> I, the undersigned Defendant, acknowledge that I have read this page and understand its contents and sign it for the purposes stated above.

The plea papers also include a document titled, "Acknowledgment of Counsel" in which Gandara's attorney certified to the trial court that Gandara had "freely and voluntarily waived his or her rights as set out above and I join with the Defendant in the waiver of these rights."

During the course of the guilty plea, the trial judge went over Gandara's right to appeal as

---

[1] TEX.PENAL CODE ANN. § 12.44(a)(West 2011)(authorizing reduction of state jail felony punishment to Class A misdemeanor punishment).

set forth in the trial court's written certification of the defendant's right to appeal. The judge informed Gandara that if he did not follow the plea bargain, she would be allowed to withdraw her guilty plea, but if he followed it, then she could not appeal except for those matters raised by written motion and ruled on before trial, or by permission of the court. The trial judge then announced that he was going to follow the plea bargain, and he found Gandara guilty and assessed her punishment in accordance with the plea agreement. Gandara's attorney immediately stated that Gandara intended to appeal the pre-trial ruling on the motion to suppress and he asked the trial court to order her released on an appeal bond. The trial court granted that request and set the appeal bond at $3,000. The State did not raise any objection to Gandara's statement that she intended to appeal, her request for an appeal bond, or the trial court's order granting her an appeal bond.

Despite granting Gandara's request for an appeal bond, the trial court made the following written finding in the document titled, "Court's Findings, Approval, and Order": ". . . the Defendant understands the consequences of waiving the right to file a motion for new trial and to request permission to file an appeal, and the Defendant voluntarily, knowingly and intelligently waived such rights." The trial court signed this document on the day of the guilty plea, April 13, 2017. That same day, the trial court also signed the certification of the defendant's right to appeal indicating that it was a plea bargain case and Gandara did not have a right to appeal. Presumably this is the same certification form which the trial court discussed with Gandara during the guilty plea hearing. Two weeks later, the trial court signed a new certification indicating that it "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. . . ." The following day, Gandara filed notice of appeal.

**PROPRIETY OF THE STATE'S MOTION**

Before addressing the merits of the State's motion to dismiss, it is necessary consider procedural matters raised by Gandara in her response and in her motion to strike the State's brief. Gandara initially argues that the State is not permitted to raise this argument by motion because it is attempting to avoid filing a brief on the merits, and she insists that the State's motion to dismiss must be filed as its brief on the merits. Gandara's accusation that the State's motion is an attempt to avoid filing its brief is baseless because the State timely filed its brief on the merits shortly after filing the motion to dismiss.

Citing Rule 10.1(a)(1), Gandara also argues that a motion cannot be filed unless a rule permits the motion. Texas Rule of Appellate Procedure 10.1(a) addresses the contents of motions filed in the appellate courts. TEX.R.APP.P. 10.1(a). The portion of the rule applicable to criminal appeals states:

> (a) *Motion.* Unless these rules prescribe another form, a party must apply by motion for an order or other relief. The motion must:
>
> (1) contain or be accompanied by any matter specifically required by a rule governing such a motion;
>
> (2) state with particularity the grounds on which it is based;
>
> (3) set forth the order or relief sought;
>
> (4) be served and filed with any brief, affidavit, or other paper filed in support of the motion; . . . .

TEX.R.APP.P. 10.1(a).

Rule 10.1(a)'s requirements are specifically aimed at addressing the *contents* of motions. To that end, Rule 10.1(a)(1) simply instructs parties that a motion must contain anything that is specifically required by another rule governing that particular type of motion. For example, Rule 42.4 permits the State to file a motion to dismiss an appeal if the appellant escaped from custody

during the pendency of the appeal and the appellant has not voluntarily returned to custody within ten days. *See* TEX.R.APP.P. 42.4. Such a motion must be supported by affidavit. *See* TEX.R.APP.P. 42.4(a). Under Rule 10.1(a)(1), the affidavit required by Rule 42.4(a) must accompany the motion to dismiss. *See* TEX.R.APP.P. 10.1(a)(1), 42.4(a). Rule 10.1(a)(1) cannot reasonably be interpreted as limiting motions filed in the appellate courts to only those expressly authorized by the Rules of Appellate Procedure. If the Texas Supreme Court and Court of Criminal Appeals had intended to enact a rule which limited the motions which could be filed in an appeal or original proceeding to only those expressly authorized by the Rules of Appellate Procedure, they could have easily said so. Under Gandara's interpretation, a criminal defendant could not file a motion to dismiss a State's appeal for lack of jurisdiction because such a motion is not expressly authorized by the Rules. We decline to construe Rule 10.1 in this manner.

Gandara has also filed a motion to strike the State's brief on the merits filed on December 14, 2017. Gandara argues that the State's motion to dismiss should have been filed as the State's brief and the State should not be allowed to file what Gandara characterizes as a second brief. We filed the State's motion to dismiss as a motion for the reasons stated above. Thus, the State has filed only one brief. Gandara's motion to strike the State's brief is denied.

## WAIVER OF THE RIGHT TO APPEAL

The State asserts that Gandara's appeal must be dismissed because she waived the right to appeal and she did not obtain the State's consent to pursue the appeal. Thus, it asks for specific performance of the plea bargain. Gandara responds that the waiver of the right to appeal included in the boilerplate plea papers is invalid because the record shows that she never intended to waive her right to appeal the suppression ruling.

In a plea-bargained case, the defendant's right to appeal is limited to (1) those matters

- 5 -

raised by written motion and ruled on before trial; or (2) after getting the trial court's permission to appeal. *See* TEX.CODE CRIM.PROC.ANN. art. 44.02 (West 2006); TEX.R.APP.P. 25.2(a)(2). Gandara is challenging the trial court's denial of her motion to suppress as generally permitted under Article 44.02 and Rule 25.2(a)(2). A criminal defendant in a non-capital case may waive any of the rights secured him by law, including the right to appeal rulings on pre-trial motions, if the waiver is made "voluntarily, knowingly, and intelligently." *See* TEX.CODE CRIM.PROC.ANN. art. 1.14(a) (West 2005); *Marsh v. State*, 444 S.W.3d 654, 660 (Tex.Crim.App. 2014); *Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex.Crim.App. 2009). A valid waiver of the right to appeal will prevent a defendant from appealing without the consent of the trial court. *Monreal v. State*, 99 S.W.3d 615, 617 (Tex.Crim.App. 2003).

A plea bargain or plea agreement is a contract between the State and the defendant, and they are given great latitude in crafting the terms of the agreement. *See Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex.Crim.App. 2013); *State v. Moore*, 240 S.W.3d 248, 251 (Tex.Crim.App. 2007). Once the trial court accepts the plea agreement, it becomes binding on the State and the defendant and both parties are entitled to the benefit of the bargain. *See Ex parte De Leon*, 400 S.W.3d at 89; *State v. Moore*, 240 S.W.3d at 251. We apply general contract-law principles to determine the intended content of a plea agreement. *Ex parte De Leon*, 400 S.W.3d at 89. In determining the terms of the plea agreement, an appellate court must look to both the written agreement and the formal record, and we will imply a term only when necessary to effectuate the intention of the parties. *Id.*

Gandara's waiver of the right to appeal is included in the boilerplate plea papers. The written plea agreement included in the plea papers does not specify that Gandara's waiver of the right to appeal is a term of the plea agreement. Consequently, we are required to examine the

record of the guilty plea hearing to determine whether the parties intended for the waiver of the right to appeal to be a binding term of the plea agreement. When the trial court inquired about the existence of a plea bargain, the prosecutor stated: "Your Honor, the agreement is for a reduction to a 12.44(a), to misdemeanor punishment for 180 days in the El Paso County Detention Facility." The prosecutor did not state that Gandara was waiving her right to appeal as part of the plea agreement. The trial court discussed with Gandara her right to appeal in the context of a plea bargain case, and informed her that if he did not follow the plea bargain, she would be allowed to withdraw her guilty plea, but if he followed it, then she could not appeal except for those matters raised by written motion and ruled on before trial, or by permission of the court. The trial court made no mention of Gandara's waiver of the right to appeal. The court's explanation of Gandara's right to appeal is correct under Article 44.02 and Rule 25.2(a)(2), but it is inconsistent with the waiver of the right to appeal signed by Gandara. The State did not object or otherwise bring to the trial court's attention that Gandara had waived her right to appeal as part of the plea agreement and she would not be permitted to appeal unless she obtained the consent the State. As further evidence that the parties did not intend for the boilerplate waiver of the right to appeal to be part of the plea agreement, Gandara's attorney informed the trial court that Gandara intended to appeal the suppression ruling, and the trial court granted Gandara's request to remain free on an appeal bond during the pendency of the appeal. The State did not object when Gandara's attorney gave verbal notice of intent to appeal the suppression ruling or when the trial court granted Gandara's request for an appeal bond. As the Court of Criminal Appeals observed in *Ex parte De Leon*, the State had an opportunity at the plea hearing to hold Gandara to the pre-printed waiver of appeal in the plea papers, but it failed to do so. *See Ex parte De Leon*, 400 S.W.3d at 90.

In light of all the evidence in the record, we conclude that Gandara's boilerplate waiver of

appeal was not an essential element of the plea agreement because: (1) waiver of appeal was not an explicit term of the plea agreement; (2) the trial court made no mention of the waiver of appeal when it discussed with Gandara her right to appeal; (3) Gandara, her attorney, and the trial court evidenced an understanding that Gandara was reserving the right to appeal the suppression ruling; and (4) the State did not object to the trial court's explanation of Gandara's right to appeal, to Gandara's verbal notice of appeal, or to the trial court's order granting Gandara's request for an appeal bond. *See Ex parte De Leon*, 400 S.W.3d at 90 (holding that defendant's waiver of right to appeal contained in pre-printed form as not a binding element of plea agreement where the explicit terms of the plea agreement did not address waiver of appeal as one of the terms, the defendant was informed during the guilty plea that he had no right to appeal unless he was granted permission, the prosecutor did not object to the court's admonishment regarding the right to appeal, and the trial court subsequently gave defendant permission to appeal). For these reasons, we find that Gandara's waiver of the right to appeal is invalid and unenforceable.

We are aware that we upheld the validity of a similarly-worded waiver of the right to appeal in *Gomez v. State*, No. 08-14-00007-CR, 2016 WL 3537407 (Tex.App.--El Paso May 31, 2016, no pet.) and *Miller v. State*, No. 08-05-00341-CR, 2006 WL 430281 (Tex.App.--El Paso, Feb. 23, 2006, pet. ref'd). Each case is factually distinguishable because nothing in the record contradicted the validity of the waivers of the right to appeal. In the instant case, Gandara's statement of her intent to appeal the suppression ruling and the trial court's order granting Gandara's request for an appeal bond directly contradict the waiver of the right to appeal. Having found Gandara's waiver of the right of appeal to be invalid, we deny the State's motion to dismiss the appeal.

February 14, 2018

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)