**Opinion filed December 18, 2020**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-19-00014-CR

_____

## JOHN PAUL LEWIS, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 15995D**

## M E M O R A N D U M   O P I N I O N

Appellant, John Paul Lewis, Jr., entered an open plea of guilty to the charge that he engaged in organized criminal activity. *See* TEX. PENAL CODE ANN. § 71.02(a)(5) (West Supp. 2020). The trial court found Appellant guilty and assessed punishment at confinement for fifteen years and a $3,000 fine. In his sole issue on appeal, Appellant contends that the trial court erred when it denied

Appellant's motion to dismiss because the prosecution was barred by a plea bargain in a prior case. We affirm.

On May 19, 2014, Appellant was a passenger in a vehicle that was stopped by Officer Job Espinoza for a traffic violation. Amy Lee was the driver of the vehicle. Appellant and Lee were arrested after Officer Espinoza found methamphetamine in the vehicle. Appellant was charged with possession of four or more grams but less than 200 grams of a controlled substance with intent to deliver.

When he was arrested, Appellant had pending charges for possession of more than one but less than four grams of a controlled substance and for child endangerment. The State and Appellant entered into a plea bargain on the child endangerment charge pursuant to which (1) Appellant pleaded guilty to the charge and (2) the State recommended that Appellant's punishment be assessed at fourteen months in a state jail facility and a fine of $2,500 and agreed that it would not pursue prosecution on the charge for possession of more than one but less than four grams of a controlled substance or "the other PCS w/Amy Lee."

Appellant pleaded guilty to the child endangerment charge and was sentenced in accordance with the plea bargain. In a September 29, 2014 notification to the Palo Pinto County Sheriff, the State indicated that it declined to prosecute the charge of possession of a controlled substance with intent to deliver based on Appellant's May 19, 2014 arrest because Appellant "pled in Cause No. 15352."

In April 2016, Appellant and eight other individuals were indicted for the offense of engaging in organized criminal activity. The State specifically alleged that, between November 1, 2013, and April 27, 2016, the nine individuals, as a "combination," conspired to distribute more than four grams but less than 200 grams of methamphetamine. The State alleged that Appellant committed an overt act in

2

furtherance of the agreement when, on May 19, 2014, he and Lee possessed, with intent to distribute, more than four grams but less than 200 grams of methamphetamine. The State also gave notice to Appellant that it intended to use a prior felony conviction to enhance punishment.

Without the benefit of a plea recommendation from the State, Appellant pleaded guilty to the charge that he engaged in organized criminal activity. In the guilty plea memorandum, Appellant waived a number of rights, including the right to appeal the guilty verdict, and the State abandoned the alleged punishment enhancement. On May 2, 2018, the trial court accepted Appellant's plea, found that the plea was knowingly and intelligently made and freely and voluntarily given, and recessed the case for the preparation of a presentence investigation report. The trial court also completed a certification in which it stated that this was not a plea-bargain case, that Appellant had a right to appeal the "Sentence Verdict Only," and that Appellant had "waived the right of appeal Guilty Verdict Only." Appellant and his attorney signed the certification.

On August 20, 2018, the trial court began the punishment phase of the trial. The State offered evidence of Appellant's criminal history and of the conduct that led to the charge that Appellant engaged in organized criminal activity. Appellant offered evidence that, since he had been released from incarceration, he had complied with the requirements of his parole, had consistently held a job, and had not used illegal substances. The hearing was recessed until October 16, 2018.

On October 16, Appellant filed a motion to dismiss. Appellant asserted that the State had agreed in the plea bargain in the child endangerment case not to prosecute the charge for "possession of a controlled substance with Amy Lee" and that the State had alleged as the overt act in this case the "one and the same act along

3

with Amy Ann Lee occurring on or about May 19, 2014." Appellant requested that the trial court find that the charge that Appellant engaged in organized criminal activity was barred and that, in the interest of justice, the "[i]ndictment in this case" be dismissed. The State responded that the motion to dismiss was not timely; that, in the plea bargain in the child endangerment case, it agreed only that it would not prosecute the possession offense; and that the charge that Appellant engaged in organized criminal activity was a separate offense than the underlying possession offense. The trial court denied the motion to dismiss.

The trial court found Appellant guilty of the charge that he engaged in organized criminal activity and assessed punishment at confinement for fifteen years and a fine of $3,000. The trial court admonished Appellant that he had waived his right to challenge the finding that he was guilty of the offense but had the right to appeal the sentence. The trial court also completed a second certification that Appellant had waived the right to appeal the guilty verdict but had the right to appeal the punishment verdict. Appellant and his counsel signed the second certification.

Appellant filed a Motion for New Trial – Reconsideration of Sentence in which he requested that the prosecution of the case be dismissed or, alternatively, that the trial court reconsider the sentence imposed on Appellant. Attached to the motion was an affidavit from Michael K. Burns, the District Attorney of Palo Pinto County in 2014, in which he stated that it was his intention, through the plea bargain in the child endangerment case, to "close out any drug related offenses" that Appellant "had committed at that time." According to Burns, Appellant's indictment for the offense of engaging in organized criminal activity "was inadvertent, and a result of [Burns] not recalling the intent of the plea agreement" in

2014. The trial court denied the Motion for New Trial – Reconsideration of Sentence.

In this appeal, Appellant requests that this court reverse the trial court's decision to deny the motion to dismiss and remand this case to the trial court for entry of an order of dismissal. The State responds that Appellant waived the right to appeal any issue not related to punishment; that, because the motion to dismiss was untimely, Appellant waived any complaint about the trial court's ruling on the motion; and that, in the plea bargain in the child endangerment case, the State agreed only to dismiss the pending charge for possession of a controlled substance with intent to deliver.

A criminal defendant generally has a statutory right to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2018); *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018). However, a defendant in a noncapital case may waive any rights secured to him by law, including the right of appeal. CRIM. PROC. art. 1.14(a) (West 2005); *Carson*, 559 S.W.3d at 492. "A waiver of the right to appeal must be made voluntarily, knowingly, and intelligently." *Carson*, 559 S.W.3d at 492. A valid waiver of the right to appeal "will prevent the defendant from appealing any issue unless the trial court consents to the appeal." *Id.* at 493; *see also Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009).

"[A] defendant may knowingly and intelligently waive his appeal as part of a plea when consideration is given by the State, even when sentencing is not agreed upon." *Carson*, 559 S.W.3d at 494 (citing *Broadway*, 301 S.W.3d at 699); *see also Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016) (explaining that presentence waivers of right of appeal have been upheld when record showed defendant received consideration for waiver pursuant to plea agreement). A plea-

bargain agreement can be "a more global plea agreement based on consideration other than an agreed punishment recommendation." *Jones*, 488 S.W.3d at 808. The State's agreement to abandon an enhancement paragraph, and therefore reduce the defendant's minimum sentence, can provide consideration for the defendant's waiver of his right to appeal. *Id.* To determine the validity of a waiver of a right to appeal and the terms of any agreement between the defendant and the State, we consider the written plea documents and the formal record in light of general contract law principles. *Id.* at 805; *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013).

In the indictment, the State alleged that Appellant engaged in organized criminal activity when he conspired with a "combination" of other individuals to distribute more than four grams but less than 200 grams of methamphetamine. The State specifically alleged that Appellant committed an overt act in furtherance of the criminal activity when, on May 19, 2014, he possessed, with intent to distribute, more than four grams but less than 200 grams of methamphetamine. Before he pleaded guilty to the charge, Appellant did not file a motion to dismiss the indictment based on the State's reliance on Appellant's conduct on May 19, 2014, as the overt act in furtherance of the criminal activity or otherwise object to a defect of form or substance in the indictment. *See* CRIM. PROC. art. 1.14(b), art. 28.01 § 1–2 (West 2006); *Neal v. State*, 150 S.W.3d 169, 175–76 (Tex. Crim. App. 2004) ("The Texas Code of Criminal Procedure requires that, if a defendant seeks dismissal of an indictment as the remedy for his constitutional or statutory claim, the Rule 33.1 requirement of timeliness means that the claim generally must be raised and ruled upon before trial."); *see also Jenkins v. State*, 592 S.W.3d 894, 902 (Tex. Crim. App. 2018) (holding that, if a defendant fails to object to a defect, error, or irregularity in

the form or substance of an indictment before the date on which trial on the merits commences, "he may not raise the objection on appeal or in any other post-conviction proceeding").

In connection with his plea, Appellant signed a plea memorandum in which he waived several rights, including his right to appeal the finding of guilt. Specifically, in the guilty plea memorandum, Appellant "freely, voluntarily and intelligently waive[d] and abandon[ed] the right of appeal in this case as to Guilt Verdict." In that same document, the State abandoned the alleged enhancement paragraph, which reduced the minimum punishment from fifteen years to five years. *See* PENAL §§ 12.32, 12.42(c)(1) (West 2019).[1] The waivers were signed by Appellant and his attorney and certified by the district clerk. The trial court found that Appellant's plea was made knowingly, intelligently, freely, and voluntarily. We hold that the record reflects that Appellant's waiver of his right to appeal any issue related to guilt was made in exchange for consideration by the State and was voluntary, knowing, and intelligent.

A valid waiver of appeal prevents a defendant from appealing without the trial court's consent. *Carson*, 559 S.W.3d at 493; *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). The trial court certified that Appellant has a right to appeal only issues relating to the sentence assessed by the trial court. Appellant, however,

---

[1]Pursuant to Section 71.02 of the Texas Penal Code, possession of a controlled substance with intent to distribute is conduct that could support a charge that a person engaged in organized criminal activity. PENAL § 71.02(a)(5). When, as in this case, the State alleges that a person engaged in organized criminal activity because he conspired with a "combination," as defined by Section 71.02(a) of the Texas Penal Code, to distribute a controlled substance, the offense is the same degree as the most serious offense listed in Section 71.02(a) that the defendant conspired to commit. *Id.* § 71.02(c). Possession of more than four grams but less than 200 grams of methamphetamine with the intent to deliver is a felony of the first degree. TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (West Supp. 2020), § 481.112(a), (d) (West 2017).

has not challenged the punishment imposed by the trial court but requests that the indictment be dismissed on a basis not related to punishment. Because Appellant has the right to appeal only issues related to punishment, we overrule Appellant's complaint. *See Jones*, 488 S.W.3d at 808.

We affirm the trial court's judgment.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


December 18, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.