**Affirmed and Memorandum Opinion filed July 23, 2024.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-23-00324-CR**
**NO. 14-23-00325-CR**

---

**JESUS SILVA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1670546 & 1670547**

---

## MEMORANDUM OPINION

Appellant Jesus Silva was convicted by a jury of aggravated assault against a public servant, with a stipulation of true as to previous convictions in 2015 and 2016 for evading arrest or detention, in trial-court cause number 1670546 (appellate case number 14-23-00324-CR) and evading arrest or detention with a vehicle, with a stipulation of true of previous convictions in 2015 and 2016 for evading arrest or detention, in trial-court cause number 1670547 (appellate case

number 14-23-00325-CR). Tex. Penal Code Ann. §§ 22.01, .02(a)(1), .02(b) (aggravated assault); 38.04 (evading arrest or detention). Appellant pleaded true to the previous convictions, and the court assessed punishment in each cause at imprisonment for 25 years with the sentences running concurrently. In three issues on appeal, appellant argues that the trial court and the State, throughout voir dire, violated the Sixth and Fourteenth Amendments of the United States Constitution and denied him a fair and impartial trial by lowering the State's burden of proof (issues one and two), and that a void indictment was used for enhancement purposes (issue three). We affirm the trial court's judgments as challenged on appeal.

## I. BACKGROUND

Appellant was involved in a high-speed chase with police officers, resulting in his arrest.[1] Appellant did not make any evidentiary objections at trial.

## II. ANALYSIS

### A. Objections to explanation of reasonable doubt

In his first and second issues, appellant argues that the trial court and the State, respectively, violated the Sixth and Fourteenth Amendments of the United States Constitution by defining and providing examples of "beyond a reasonable doubt" during voir dire, which appellant argues lowered the State's burden of proof and denied him a fair and impartial trial.

Ordinarily, to preserve a complaint of error for appellate review, a party must first present to the trial court a timely request, objection, or motion clearly stating the specific factual and legal basis for the ruling that the party seeks. *See*

---

[1] Due to the nature of the issues on appeal, it is unnecessary to lay out the details of the underlying offense.

2

Tex. R. App. P. 33.1(a)(1)(A). The court of criminal appeals, while not deciding whether appellate courts may review a voir dire comment absent an objection, has explained that comments do not constitute fundamental error unless they rise to "such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury." *Jasper v. State*, 61 S.W.3d 413, 421 (Tex. Crim. App. 2001). Appellant argues that the trial court's and prosecutor's comments regarding reasonable doubt affected appellant's constitutional rights to a fair trial to such an extent that they constituted a violation of a *Marin* category-one or -two right, and thus he was not required to object to preserve the issue for appellate review. *See Marin v. State*, 851 S.W.2d 275, 278–79 (Tex. Crim. App. 1993).

At voir dire, the trial court discussed the State's burden to prove its case beyond a reasonable doubt:

> So the presumption of innocence alone is enough to have a verdict of not guilty if you don't believe that the State has met their burden. But these burdens are met every day down here. So although it sounds like a tall order, beyond a reasonable doubt because it's one of the highest burdens in the land, it's an attainable – it's an attainable burden and the State welcomes it every day.
>
> . . . .
>
> Everybody cool with that? Everybody going to hold the State to their burden? Everybody going to hold the State to their burden and nothing more? All right.

After the trial court concluded its portion of voir dire, the State began its portion, comparing its burden to prove the case beyond a reasonable doubt to a puzzle of two giraffes that was missing only two puzzle pieces:

> Is the fact that there's missing — is the fact that there's missing other – is the fact that there's missing pieces of the puzzle, would that change your answer? . . . You can still see the giraffes, right? And that's kind of a visual representation of what beyond a reasonable

3

doubt is. You're not going to know everything, but you're going to know – you're going to have evidence that proves the elements beyond a reasonable doubt. And the elements are kind of a recipe. You know, the State has to bring you enough evidence to prove the elements.

The State then explained that a defendant starts with a presumption of innocence, meaning that the jurors must acquit if the State does not bring enough evidence. But if the State provides enough evidence to convince the jurors beyond a reasonable doubt that appellant committed the alleged offenses, then the presumption of innocence is rebutted, and they can return a guilty verdict.

After reviewing the voir dire record, we conclude that the State's burden of proof was properly explained and the example were not misleading. Therefore, we hold that the trial court's and prosecutor's unobjected-to comments concerning the State's burden of proof did not infringe upon appellant's constitutional rights or rise to "such a level as to bear on the presumption of innocence or vitiate the impartiality of the jury." *Jasper*, 61 S.W.3d at 421.

Because any alleged error was not so severe as to constitute fundamental error, appellant has not preserved an appellate complaint by timely and specifically objecting at trial. Tex. R. App. P. 33.1(a); *Jasper*, 61 S.W.3d at 421.

We overrule appellant's first and second issues.

## B.      Appellant waived challenges to punishment

In his third issue, appellant argues that the State improperly used a void prior conviction for enhancement purposes. However, the appellant waived any right to challenge his punishments.

### 1.      Standard of review and applicable law

A criminal defendant generally has a statutory right to appeal. *See* Tex. Code

Crim. Proc. Ann. art. 44.02. However, "[t]he defendant in a criminal prosecution for any offense may waive any rights secured to him by law[,]" including the right to appeal. *See* Tex. Code Crim. Proc. Ann. art. 1.14(a).

To determine the validity of a defendant's waiver of his right to appeal and the terms of any agreement between the defendant and the State, an appellate court considers any written plea documents and the formal record—including both the clerk's and reporter's records—to determine the terms of the agreement. *See Jones v. State*, 488 S.W.3d 801, 805 (Tex. Crim. App. 2016); *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013). The reviewing court then "appl[ies] general contract law principles to determine the intended content of a plea agreement." *See Jones*, 488 S.W.3d at 805; *Ex parte De Leon*, 400 S.W.3d at 89. An appellate court must enforce the terms of the parties' agreement unless there was a misrepresentation by the State. *Shannon v. State*, 708 S.W.2d 850, 852 (Tex. Crim. App. 1986). The defendant is deemed to have knowingly and voluntarily agreed to the terms of the plea bargain, as set forth by his trial counsel, unless the defendant shows otherwise. *Doyle v. State*, 888 S.W.2d 514, 517 (Tex. App.—El Paso 1994, pet. ref'd).

### 2. Application

After appellant was found guilty, he entered into plea agreements with the State regarding punishment. The State agreed to (1) only prove the two final felony convictions, as opposed to proving all listed prior and extraneous convictions as alleged in the "State's Notice of Intention to Use Evidence of Prior Convictions and Extraneous Offenses" and (2) recommend the trial court impose the minimum sentence of 25 years for both cases and to have them run concurrently. In exchange, appellant agreed that "as to punishment alone, there is no right to appeal." Counsel for the State and appellant confirmed to the trial court that "the

5

only portion of the case to which [appellant] has not waived appeal and has the right to appeal is the guilt and innocence portion of the trial." The parties also agreed that "because this is not something that's on a normal form, that this Stipulation that we are putting on the record is acting as a clarification to that trial court certification."

Appellant's waivers of his rights to appeal were voluntary, knowing, and intelligent. Because the trial court accepted the plea agreement, the waiver of the right to appeal sentencing was binding on appellant. *See Jones*, 488 S.W.3d at 807; *see also Sabins v. State*, No. 03-18-00732-CR, 2020 WL 3495859, at *6 (Tex. App.—Austin June 25, 2020, no pet.) (mem. op., not designated for publication) (addressing only claims related to punishment phase of trial because defendant entered into plea agreement to waive his right to appeal non-punishment issues).

Accordingly, we overrule appellant's third issue.

### 3.    Correction to the certifications of defendant's right to appeal

This court has the power to correct and reform the judgment of the court below "to make the record speak the truth" when it has the necessary data and information to do so. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting reasoning of *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.— Dallas 1991, pet. ref'd) (en banc) (Onion, J., retired presiding judge of court of criminal appeals, sitting by designation and writing en banc court's opinion)); Tex. R. App. P. 25.2(a)(2).

Here, because the record demonstrates that appellant only had the right to appeal issues from the guilt/innocence phase, we modify the two certifications of defendant's right to appeal to make them reflect that appellant cannot appeal the assessments of punishment. Tex. R. App. P. 43.2(b).

### III. CONCLUSION

We modify the two certifications of defendant's right to appeal to make them speak the truth that appellant cannot appeal the assessments of punishment. As so modified, we affirm the judgements of the trial court as challenged on appeal. Tex. R. App. P. 43.2(b).

/s/     Charles A. Spain
        Justice

Panel consists of Justices Wise, Spain, and Hassan.

Do Not Publish—Tex. R. App. P. 47.2(b).