# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00091-CR

---

**Ryan Levi Bishop, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2018-010, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Pursuant to a plea-bargain agreement, appellant Ryan Levi Bishop pled guilty to four child sexual abuse offenses—three counts of indecency with a child by sexual contact and one count of sexual assault of a child, *see* Tex. Penal Code §§ 21.11(a), 22.011(a)(2)—and waived the right to appeal. *See* Tex. Code Crim. Proc. arts. 1.14, 27.13, *see also id.* arts. 1.13, 1.15, 44.02. In accordance with the plea-bargain agreement, the trial court placed appellant on deferred adjudication community supervision for ten years for each of the four offenses. *See id.* art. 42A.101. Subsequently, the State filed a motion to adjudicate appellant's guilt as to all four offenses. *See id.* art. 42A.108.

On February 11, 2021, appellant mailed a handwritten letter to the district clerk's office, expressing his desire to, among other things, "put in … a Motion to Appeal," which the

district court treated as *pro se* notice of appeal and forwarded to this Court. The State has filed a motion to dismiss the appeal.

"With regard to deferred adjudication, the Texas Legislature has authorized appeal of only two types of orders: (1) an order granting deferred adjudication, and (2) an order imposing punishment accompanying an adjudication of guilt." *Davis v. State*, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006). To the extent that appellant's document manifested a desire to appeal the trial court's 2018 orders of deferred adjudication, we observe two things.

First, the record demonstrates that this was a plea-bargain case and appellant waived his right to appeal. Accordingly, the trial court certified that appellant has waived his right of appeal and that he has no right of appeal. Thus, the record reflects that appellant does not have the right to appeal the 2018 orders of deferred adjudication.[1] *See Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013) (recognizing limitations on right to appeal in plea-bargain case); *Dears v. State*, 154 S.W.3d 610, 613–15 (Tex. Crim. App. 2005) (stating that appellate court must dismiss appeal if certification showing defendant's right to appeal is not made part of record); *see also* Tex. R. App. P. 25.2(a)(2).

Second, even if appellant had the right to appeal, the record also demonstrates that the notice of appeal for the 2018 orders granting deferred adjudication is untimely. The trial court placed appellant on community supervision—that is, suspended imposition of his sentence in open court—on June 26, 2018. The deadline for perfecting appeal, therefore, was July 26, 2018. *See* Tex. R. App. P. 26.2(a)(1). Appellant's notice of appeal—filed more than nineteen months after that date—is untimely. Absent a timely filed notice of appeal, we do not obtain jurisdiction

---

[1] The State's motion to dismiss is based on appellant's waiver of appeal as part of his plea-bargain agreement and the trial court's certification reflecting that he waived appeal and has no right of appeal.

to address the merits of an appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

To the extent that appellant attempts to appeal the adjudication of his guilt for these offenses, while a judgment adjudicating guilt may be appealed, *see Davis*, 195 S.W.3d at 711; *see also* Tex. Code Crim. Proc. art. 44.02, the trial court has not, based on the record before us, adjudicated appellant's guilt, or imposed punishment after doing so, for any of these offenses. No judgment adjudicating guilt from which to appeal appears in the record.

For the above reasons, we grant the State's motion and dismiss this appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Triana, and Kelly

Dismissed for Want of Jurisdiction

Filed: March 19, 2021

Do Not Publish